547 F.2d 372
 Marvin Lee AIKENS et al., Plaintiffs-Appellees-Cross-Appellants,
v.
Russell E. LASH, Individually and as the Warden of the
Indiana State Prison, et al.,
Defendants-Appellants-Cross-Appellees.
 Nos. 74-1320, 74-1328.
 United States Court of Appeals,
Seventh Circuit.
 Remanded April 26, 1976.
Decided Dec. 28, 1976.
 
 Harold R. Berk, Russell E. Lovell, II, Cynthia A. Metzler, Indianapolis, Ind., John P. Forhan, South Bend, Ind., for Aikens.
 Theodore L. Sendak, Atty. Gen., Eugene M. Fife, III, Deputy Atty. Gen., Indianapolis, Ind., for Russell Lash.
 Before CUMMINGS and SPRECHER, Circuit Judges, and MARKEY, Chief Judge.*
 PER CURIAM.
 
 
 1
 This case, involving the minimum procedural safeguards required for certain prison disciplinary transfers, is before us on remand from the Supreme Court. The Court vacated the judgment of this court in Aikens v. Lash, 514 F.2d 55 (7th Cir. 1975), and remanded the case for further consideration in light of its decision in Baxter v. Palmigiano, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). Lash v. Aikens, 425 U.S. 947, 96 S.Ct. 1721, 48 L.Ed.2d 191 (1976). In accordance with this direction, this court considers the effect Baxter has on our prior decision in Aikens.
 
 
 2
 * The history of this litigation is briefly stated. In Aikens v. Lash, 371 F.Supp. 482 (N.D.Ind.1974), the district court held that those inmates transferred for disciplinary reasons from the Indiana Reformatory to the Indiana State Prison and subjected to disciplinary confinement or segregation upon their arrival were entitled to a disciplinary transfer hearing which satisfies the minimum standards of due process.[1] The court issued an injunction ordering the application of certain procedural safeguards to the disciplinary transfers.[2]
 
 
 3
 On appeal, defendants challenged some of the procedures mandated by the district court's order. In Aikens v. Lash, 514 F.2d 55 (7th Cir. 1975), this court remanded the case to the district court with directions to modify certain aspects of the challenged order in accordance with our opinion.
 
 
 4
 The question before the court at this time is whether further modification is required by the Supreme Court's recent decision in Baxter, supra.
 
 II
 
 5
 The district court's original order required defendants to afford prospective disciplinary transferees the right to confront and cross-examine adverse witnesses unless good cause to deny the right was reflected on the written record.
 
 
 6
 In our prior decision, we held that the Court's decision in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), would not support such a broad directive. However, we also noted the Court's suggestion in Wolff that there may exist limited circumstances in which the courts would be justified in upsetting the prison officials' discretionary denial of an inmate's request to cross-examine an adverse witness. We concluded that "the only way the soundness of the discretion exercised can be subject to scrutiny is a requirement that any refusal to allow cross-examination when requested be accompanied by a written record of the reasons for the refusal." 514 F.2d at 60. And we directed the district court to modify its order accordingly.
 
 
 7
 However, in its recent decision in Baxter, supra, the Supreme Court has specifically addressed this issue and held that prison officials could not be required to give written reasons for discretionary refusal to allow cross-examination in disciplinary transfer hearings. The Court stated:
 
 
 8
 This conclusion (i. e., that prison officials must give written reasons for refusing to allow requested cross-examination) is inconsistent with Wolff. We characterized as 'useful,' but did not require, written reasons for denying inmates the limited right to call witnesses in their defense. We made no such suggestion with respect to confrontation and cross-examination which . . . stand on a different footing because of their inherent danger and the availability of adequate bases of decision without them. . . . Mandating confrontation and cross-examination, except where prison officials can justify their denial on one or more grounds that appeal to judges, effectively preempts the area that Wolff left to the sound discretion of prison officials.
 
 
 9
 Baxter, supra, 425 U.S. at 322, 96 S.Ct. at 1559 (citations and footnotes omitted).
 
 
 10
 Hence, we reverse that portion of the district court's order requiring prison officials to give written reasons for refusing to allow cross-examination at disciplinary transfer hearings.
 
 
 11
 The prior judgment and opinion of this court are reinstated as herein modified, and this cause is remanded with directions to modify the order in accordance with our amended opinion.[3]
 
 
 
 *
 Chief Judge Howard T. Markey of the United States Court of Customs and Patent Appeals is sitting by designation
 
 
 [1]
 The defendants concede that the Supreme Court's recent decisions in Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) and Montanye v. Haymes, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976) (decided after the instant case was remanded to this court), do not require a contrary result. While holding that not every disciplinary transfer triggers due process safeguards, the Court specifically noted that the disciplinary transfers in Meachum and Montanye, unlike those in the case at bar, were not followed by disciplinary confinement or segregation
 
 
 [2]
 For a complete list of these safeguards, see Aikens, supra, 514 F.2d at 57-58
 
 
 [3]
 In our prior decision, we concluded that where a prospective disciplinary transferee is confined in segregation he should be entitled to the assistance of lay counsel in the preparation of his case. Defendants contend that this conclusion should also be reconsidered in light of Baxter. We disagree. We find nothing in the Court's decision in Baxter which requires a contrary result on this issue