**Michael FRANKLIN, Plaintiff,**

v.

**Thomas ISRAEL, Defendant.**

No. 78–C–386.

United States District Court,
W.D. Wisconsin.

March 16, 1983.

Michael Franklin, pro se.

Robert Repasky, Asst. Atty. Gen., Madison, Wis., for defendant.

## ORDER

CRABB, Chief Judge.

The plaintiff, Michael Franklin, an inmate at the Wisconsin Correctional Institution at Waupun, Wisconsin, brought this action under 42 U.S.C. § 1983 seeking damages for injuries allegedly caused by a deprivation of his due process rights. Specifically, plaintiff alleged that following a disciplinary hearing, institutional officials took disciplinary action against him without providing a constitutionally sufficient statement of the reasons for their action. Defendant Thomas Israel is the superintendent at the Wisconsin Correctional Institution.[1]

At the pretrial conference held on June 17, 1982, defendant's counsel expressed his intention to move for summary judgment, and the parties established that plaintiff would be required to show defendant's personal involvement in the alleged illegal conduct. Defendant's motion is presently before the court.

Based on the record, including affidavits and other documents submitted by both parties, I find there is no genuine dispute as to the following material facts.

## FACTS

Plaintiff was incarcerated in the Wisconsin Correctional Institution in June, 1976. On July 27, 1978, he was transferred from the prison's general population to a segregated unit, temporary lock-up. The following day, plaintiff was issued a conduct report signed by Lt. Mesa, citing violations of prison rules prohibiting threats and sexual conduct. Among other things, the report indicated that information regarding these rule infractions had come from inmates whose names would be kept confidential, and that plaintiff's conduct jeopardized the safety and security of many residents. Plaintiff immediately demanded a formal hearing on the alleged misconduct before the Institution Disciplinary Committee. Meanwhile, he remained in temporary lock-up.

On August 2, 1978, defendant sent a memorandum to plaintiff, acknowledging receipt of two letters from plaintiff regarding his placement in temporary lock-up. Defendant was aware that plaintiff was awaiting a disciplinary hearing.

A formal hearing was held on August 8, 1978, before a disciplinary committee consisting of three prison officials. Defendant was not present at the hearing. The committee made a record of the proceedings consisting of several pages of standardized forms on which the committee provided information in response to specific inquiries. The record lists the names of persons present at the hearing and the documentary evidence submitted for the committee's consideration. The record also contains summaries of the statements made by the various witnesses.

The hearing record indicates that the committee reviewed the conduct report issued to plaintiff. No other entries were made in the space where the committee was instructed to list evidence, including reports, documents, and other physical evidence, presented for its consideration. Lt. Mesa, the complaining witness, appeared and stated that he had not viewed plaintiff in any act. Plaintiff testified on his own behalf, asserting that the information in the conduct report was false. Jim Berry, a staff advocate chosen by plaintiff, offered

---

[1]. In his original complaint, plaintiff named as defendants Israel and Allyn Sielaff, the administrator of the Department of Corrections, and sought injunctive and declaratory relief as well as damages. He alleged that the defendants violated his constitutional rights by placing him in temporary lock-up without a hearing, by denying him sufficient notice of the allegations against him, and by denying him the right to call witnesses and confront his accusers at his disciplinary hearing.

On the defendants' motion for summary judgment, the court dismissed these claims, but permitted the plaintiff to supplement his complaint by including allegations supporting the claim set forth in the text, above. All claims against defendant Sielaff were dismissed for lack of personal involvement, and the claims for injunctive and declaratory relief were dismissed as moot. *See* order of April 29, 1982, 537 F.Supp. 1112.

oral and written statements in support of plaintiff. Three other prisoners testified on plaintiff's behalf.

The hearing record indicates that the committee found plaintiff guilty of threats and sexual conduct. In the space where the committee was instructed to "list each witness and evaluate the credibility of his testimony," the committee listed only the names of plaintiff's three prisoner witnesses, and made no evaluation of their credibility. On the page designated "Decision of Disciplinary Committee," in the space provided for a "[n]arrative decision on issue of guilt and reasons for decision," the committee wrote: "Based on reports available to committee found guilty of both charges." In the space provided for "disposition and reasons for disposition," the committee indicated: "Adjustment Segregation 6 days, Program Segregation; Recommended loss of Good Time."

Plaintiff had an opportunity to appeal the committee's decision directly to defendant. Plaintiff did not appeal. Neither the rules of the Department of Corrections nor the rules of the institution create any obligation or duty on the part of the superintendent to review disciplinary action that has not been appealed to him. Defendant did not review the form of the decision rendered to plaintiff by the disciplinary committee prior to the institution of this action.

## OPINION

In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the United States Supreme Court held that a prisoner subject to disciplinary proceedings has a due process right to receive a written statement indicating the evidence relied on by the factfinders and the reasons for any disciplinary action taken. *Wolff* was grounded primarily on concerns that administrative and judicial bodies be able to review the fairness of such action. The Court recognized that occasions might arise when personal or institutional safety is "so implicated that the statement may properly exclude certain items of evidence," but went on to say that under those circumstances, "the statement should indicate the fact of the omission." 418 U.S. at 565, 94 S.Ct. at 2979.

The Court of Appeals for the Seventh Circuit followed *Wolff* in *Chavis v. Rowe*, 643 F.2d 1281 (7th Cir.1981), holding constitutionally insufficient a disciplinary committee report that contained no detailed findings or conclusions, but merely indicated that the committee had believed the complaining witness. The court was critical of the committee's failure to make any findings regarding an investigative report that was before it, or to indicate why it found the complaining witness more credible than Chavis or his witness. 643 F.2d at 1287. The court noted also that without a detailed statement of the committee's findings and conclusions, a reviewing court or agency could not determine whether the decision was based on substantial evidence or whether it was so arbitrary as to amount to a denial of the inmate's substantive due process rights. *Id.* at 1287. *See also Aikens v. Lash*, 514 F.2d 55, 60 (7th Cir.1975), *vacated and remanded on other grounds*, 425 U.S. 947, 96 S.Ct. 1721, 48 L.Ed.2d 191 (1976), *reinstated as modified*, 547 F.2d 372 (1976).

■ Defendant contends that the form of the decision provided to plaintiff was constitutionally adequate. On its face, however, the form suffers from precisely the same deficiencies as the statement found unconstitutional in *Chavis*. The committee made no findings with regard to the statements contained in the conduct report, and it failed to describe why these statements were more credible than those of plaintiff and his witnesses. In these respects, the committee's report is constitutionally inadequate.

Defendant contends also that confidential information contained in certain other investigative reports formed the actual basis of the committee's decision, that these other reports were incorporated into the hearing record "by reference," and that findings regarding that information could not safely have been made. For the purpose of this

decision, I am willing to assume that none of the findings based upon information contained in these reports could safely have been provided to plaintiff. Nonetheless, it is clear that plaintiff's due process rights were violated.

■ The only conceivable reference in the hearing record to the investigative reports is a statement that the finding of guilt was "based on reports available." However, in the space where the committee was instructed to list the reports it considered, it listed only˙ the conduct report. Under the circumstances, it is impossible to determine whether the committee reviewed the confidential investigative reports. This is precisely the problem the Supreme Court sought to avoid in *Wolff.* If the committee *did* review the investigative reports but could not safely disclose some or all of the contents in its findings, it was required to "indicate the fact of omission." 418 U.S. at 565, 94 S.Ct. at 2979. No such indication appears; therefore, the written statement provided to plaintiff did not comport with due process requirements.

Despite the merit of plaintiff's position, however, I am constrained to grant defendant's motion for summary judgment. Plaintiff has been unable to establish that defendant was personally involved in a violation of his constitutional rights, and personal involvement is an indispensable element of his claim.

■ The Court of Appeals for the Seventh Circuit established in *Adams v. Pate,* 445 F.2d 105 (7th Cir.1971) that before liability will attach under § 1983, a plaintiff must demonstrate the defendant's direct personal involvement in the claimed deprivation of constitutional rights. *See also Stringer v. Rowe,* 616 F.2d 993, 1000–1001 (7th Cir.1980). The highest authority in a correctional facility has no legal responsibility, by virtue of his office alone, for the acts of all staff members under his supervision. *Oses v. Kerr,* 81–C–147 (W.D.Wis., March 19, 1981). Liability will not be imposed vicariously under a theory of *respondeat superior. Duncan v. Duckworth,* 644 F.2d 653 (7th Cir.1981).

■ A plaintiff can meet the personal involvement requirement by showing that the defendant actively encouraged, authorized, directed, ratified, or acquiesced in the unconstitutional acts of his subordinates. *Hampton v. Hanrahan,* 600 F.2d 600 (7th Cir.1979).[2] In the present case, plaintiff failed to show that defendant Israel had any notice that the disciplinary committee would act or did act unconstitutionally. Israel was not present at the disciplinary hearing, and plaintiff declined to appeal the committee's decision directly to Israel as permitted. The correspondence from plaintiff to defendant prior to issuance of the decision on August 8, 1978 has no bearing, because it could not have put defendant on notice of any deficiency in the form of a subsequent decision.

Plaintiff has asserted that he is a well-known resident of the Wisconsin Correctional Institution, and that defendant certainly would have been informed of the disciplinary action taken against him. Even if this is true, the issue here is not whether Israel knew plaintiff was disciplined, but rather, whether Israel knew or

---

**2.** In a limited number of § 1983 cases, the courts have allowed prisoners to proceed against high-ranking prison officials without showing personal involvement during the early stages of the lawsuits. *Duncan v. Duckworth,* 644 F.2d 653 (7th Cir.1981); *Chavis v. Rowe,* 643 F.2d 1281 (7th Cir.1981). The rationale for this departure was set forth in *Duncan:*

"Both cases involve claims relating to conditions or practices which, if they in fact do exist, would very likely be known to, or acquiesced in, by officials at a relatively high administrative level. At the same time, the conditions or practices . . . may be of such a kind that the claimant will have had no personal contact with, or knowledge of, the person directly responsible. Under these circumstances, it is understandable that a *pro se* litigant would name only the administrative officer, whose identity he knows, as a defendant . . . [T]he district court should proceed on the claim and allow the named defendant to assert his own noninvolvement, if that is the case, and designate those who would likely have been responsible for whatever deprivation may have occurred."
644 F.2d at 656. This rationale is wholly inapplicable to the present facts.

had reason to know the statement accompanying the committee's action was constitutionally inadequate. On the latter issue, plaintiff cannot prevail.

## ORDER

IT IS ORDERED that defendant's motion for summary judgment is GRANTED, and this case is DISMISSED.