In the Matter of the Extradition of
Errol Lloyd Barrett.

Errol Lloyd BARRETT, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 78–1181.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 9, 1978.

Decided Dec. 21, 1978.

Kenneth R. Sasse, Thomas E. Jackson, Detroit, Mich., Errol L. Barrett, in pro. per., for petitioner.

James K. Robinson, U. S. Atty., Detroit, Mich., Ellen G. Ritteman, Troy, Mich., for respondent.

Before WEICK and EDWARDS, Circuit Judges, and PECK, Senior Circuit Judge.

EDWARDS, Circuit Judge.

Appellant appeals from denial of his petition for writ of habeas corpus by a District Judge in the Eastern District of Michigan, Southern Division.

Petitioner filed his application for writ of habeas corpus seeking release from custody because he had not been extradited within two calendar months, as provided in 18 U.S.C. §§ 3184 and 3188 (1976). Canadian authorities from the Province of Ontario sought to extradite Barrett on a charge of attempted murder and wounding. The subsequent proceedings in chronological order follow:

| | |
|---|---|
| August 30, 1977 | Arrested by Detroit police at the request of Canadian authorities. |
| September 15, 1977 | United States Federal Magistrate set $50,000 bond. |
| December 15, 1977 | Magistrate found evidence at hearing was sufficient to establish probable cause to the charge and ordered Barrett held in custody of U.S. Marshal for surrender and extradition to Canada. |
| January 11, 1978 | Magistrate signed certificate of extradition and order of commitment. |
| January 16, 1978 | Transcript of hearing filed by court reporter. |
| February 16, 1978 | Magistrate's clerk submitted certified copies of extradition hearing and transcripts and order to Secretary of State. |
| February 21, 1978 | Barrett notified Secretary of State of his intention to seek release under 18 U.S.C. § 3188 (1976). |
| February 23, 1978 | Barrett filed petition for habeas corpus. |
| March 2, 1978 | District Court held a hearing and denied the habeas writ and gave the government until March 11 to extradite Barrett, finding that the two calendar months should commence January 11, when the order was entered. |
| March 13, 1978 | Canadian officials appear to take custody of Barrett. |
| March 14, 1978 | After a hearing the District Court refused to turn Barrett over to Canadian officials. It held that since the two-month rule had not been complied |

with, petitioner could not be extradited until this appeal had been heard.

Barrett is still in the custody of the United States Marshal.

Two legal questions of some moment are presented. Under the statutes cited above, when did the two calendar month limitation provided in 18 U.S.C. § 3188 (1976) start to run? As noted above, the District Judge thought the answer to this was January 11, 1978. Appellant contends that the answer should be December 15, 1977.

The second question (in the event we find that the District Judge was correct on when the two months started to run) is whether or not appellant's filing of the writ of habeas corpus which resulted in this proceeding tolls the running of the two calendar months.

We answer both questions in favor of appellee, the United States.

The statute which provides for an extradition hearing and for commitment for purposes of extradition is as follows:

### § 3184. Fugitives from foreign country to United States

Whenever there is a treaty or convention for extradition between the United States and any foreign government, any justice or judge of the United States, or any magistrate authorized so to do by a court of the United States, or any judge of a court of record of general jurisdiction of any State, may, upon complaint made under oath, charging any person found within his jurisdiction, with having committed within the jurisdiction of any such foreign government any of the crimes provided for by such treaty or convention, issue his warrant for the apprehension of the person so charged, that he may be brought before such justice, judge, or magistrate, to the end that the evidence of criminality may be heard and considered. If, on such hearing, he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention, he shall certify the same, together with a copy of all the testimony taken before him, to the Secre-

tary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government, for the surrender of such person, according to the stipulations of the treaty or convention; and he shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made.

18 U.S.C. § 3184 (1976).

The statute which establishes a two-month limitation for accomplishing extradition reads as follows:

### § 3188. Time of commitment pending extradition

Whenever any person who is committed for rendition to a foreign government to remain until delivered up in pursuance of a requisition, is not so delivered up and conveyed out of the United States within two calendar months after such commitment, over and above the time actually required to convey the prisoner from the jail to which he was committed, by the readiest way, out of the United States, any judge of the United States, or of any State, upon application made to him by or on behalf of the person so committed, and upon proof made to him that reasonable notice of the intention to make such application has been given to the Secretary of State, may order the person so committed to be discharged out of custody, unless sufficient cause is shown to such judge why such discharge ought not to be ordered.

18 U.S.C. § 3188 (1976).

■ We agree with the District Judge that the language of § 3188 requires the conclusion that the two-month time limitation began to run when the Magistrate entered an order on January 11, 1978, committing appellant to jail to await extradition. Appellant correctly points out that Canadian authorities did not actually appear to extradite appellant until March 13, 1978, after the two calendar month limitation had expired.

■ The enforcement language applicable to the two-month limitation is not, however, of a mandatory nature. Section 3188 provides that "any Judge of the United States . . . may order the person so committed to be discharged out of custody, unless sufficient cause is shown to such judge why such discharge ought not to be ordered." This provision is very different from the provision of the Interstate Agreement on Detainers Act. See Pub.L. 91–538 § 2, Art. IV(e), 84 Stat. 1400 (1970), which we enforced in *Stroble v. Anderson,* 587 F.2d 830 (6th Cir. 1978).

The District Judge in the instant case found sufficient cause not to order the discharge in the fact that a transcript of the proceedings before the Magistrate had to be prepared for submission to the Secretary of State.

■ In determining whether or not the District Judge has abused the discretion given her by the statute, we take into account the entire factual record. That record includes 1) there is no indication or claim of prejudice resulting from the several days' delay beyond the two calendar month limitation; 2) the record does not disclose any demand by appellant for speedy trial in the jurisdiction which seeks to try him; 3) the charge as to which probable cause has been found is a serious one, "attempted murder and wounding"; 4) the statute does not, of course, purport to terminate the Canadian indictment, nor does it contain any bar to a subsequent refiling of the extradition proceedings, and 5) much of the delay up to this date has actually been occasioned by appellant's filing of the instant petition for writ of habeas corpus. He had, of course, a clear constitutional right to file the petition, but delay exclusively due to hearing and processing it cannot be counted under the statute's time limitation.[1]

Under these circumstances, we find no abuse of discretion in the District Judge's

---

1. In this regard we follow and rely upon *Jimenez v. United States District Court for the Southern District of Florida, Miami Division,* 84 S.Ct. 14, 11 L.Ed.2d 30 (1963) (decided by Goldberg, J., in chambers).

refusal to discharge appellant from custody and no legal error in her denial of the petition for writ of habeas corpus.

The judgment of the District Court is affirmed.