**In the Matter of Jan Alf ASSARSSON, Relator-Appellant.**

**No. 81–1785.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 5, 1982.

Decided Feb. 10, 1982.

Rehearing and Rehearing En Banc Denied June 8, 1982.

---

Sheldon Davidson, Pedersen & Houpt, Chicago, Ill., for relator-appellant.

Gloria Phares, Dept. of Justice, Washington, D. C., for appellee.

Before BAUER, Circuit Judge, MARKEY, Chief Judge,* and POSNER, Circuit Judge.

BAUER, Circuit Judge.

On October 20, 1978, Magistrate James Balog of the Northern District of Illinois issued an order directing the United States Marshal to take Jan Alf Assarsson, a Swedish citizen residing in the United States since 1960, into custody and hold him for surrender to Sweden. Assarsson filed a petition for a writ of habeas corpus, which the district court denied. We affirmed. *In re Assarsson*, 635 F.2d 1237 (7th Cir. 1980), *cert. denied*, 451 U.S. 938, 101 S.Ct. 2017, 68 L.Ed.2d 325 (1981). Assarsson then filed a second petition for a writ of habeas corpus. Assarsson appeals from the district court's denial of this petition. We again affirm.

I

On April 1, 1976, the Swedish district court entered an order authorizing Assarsson's arrest on charges of arson, fraud, and attempted fraud. Pursuant to the Convention on Extradition Between the United

---

* The Honorable Howard T. Markey, Chief Judge of the United States Court of Customs and Patent Appeals, is sitting by designation.

States and Sweden ("Extradition Treaty"), Sweden asked the United States to extradite Assarsson. In May 1978 the United States Attorney for the Northern District of Illinois filed a verified extradition complaint requesting authorization to extradite Assarsson to Sweden. After conducting extradition proceedings pursuant to 18 U.S.C. § 3184,[1] Magistrate Balog entered a commitment order. The order directed the United States Marshal to take Assarsson into custody by November 8, 1978, to be held for surrender to the Swedish authorities.

On November 1, 1978, Assarsson sought and obtained a stay of the October 20 commitment order.[2] Assarsson then filed his first petition for a writ of habeas corpus. Assarsson claimed that he could not be extradited because there were no formal charges pending against him in Sweden.[3] The district court denied the petition. We affirmed. *In re Assarsson*, 635 F.2d 1237 (7th Cir. 1980), *cert. denied*, 451 U.S. 938, 101 S.Ct. 2017, 68 L.Ed.2d 325 (1981). We noted that our review of a commitment order entered in an extradition case is limited to determining (1) whether the magistrate had jurisdiction, (2) whether the offenses charged are within the treaty, and (3) whether there was probable cause to support the charges. 635 F.2d at 1240 *quoting Fernandez v. Phillips*, 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925). "We may . . . review only those conditions which preclude extradition for offenses which are otherwise extraditable. Any such condition must come from the treaty itself." 635 F.2d at 1241. We held that we were precluded from reviewing the magistrate's determination that Assarsson had been charged with an extraditable offense because the Extradition Treaty did not require the filing of formal charges as a prerequisite to extradition. *Id.* at 1242.

Assarsson then filed the second petition for a writ of habeas corpus, which is the subject of this appeal. In this petition, Assarsson claimed that he could not be extradited because the condition set forth in Article V, ¶ 2 of the Extradition Treaty had not been satisfied. Article V, ¶ 2 provides that:

> Extradition shall not be granted in any of the following circumstances:
>
> \*      \*      \*      \*      \*      \*
>
> 2. When the legal proceedings of the enforcement of the penalty for the offense has become barred by limitations according to the laws of either the requesting State or the requested State.

Assarsson's petition averred that the law of the "requested State" to which Article V refers is 18 U.S.C. § 3282, which bars prosecution unless an indictment is entered within five years after the commission of the crime. Because the Swedish authorities had not entered their equivalent of an in-

---

1. 18 U.S.C. § 3184 provides:
   Whenever there is a treaty or convention for extradition between the United States and any foreign government, any justice or judge of the United States, or any magistrate authorized so to do by a court of the United States, or any judge of a court of record or general jurisdiction of any State, may, upon complaint made under oath, charging any person found within his jurisdiction, with having committed within the jurisdiction of any such foreign government any of the crimes provided for by such treaty or convention, issue his warrant for the apprehension of the person so charged, that he may be brought before such justice, judge, or magistrate, to the end that the evidence of criminality may be heard and considered. If, on such hearing, he deems the evidence suffi-

cient to sustain the charge under the provisions of the proper treaty or convention, he shall certify the same, together with a copy of all the testimony taken before him, to the Secretary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government, for the surrender of such person, according to the stipulations of the treaty or convention; and he shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made.

2. The stay was continued pending appeal on April 11, 1979, when the district court denied Assarsson's first petition.

3. For a discussion of Assarsson's other claims, see 635 F.2d at 1244–47.

dictment[4] by October 3, 1980, five years after the commission of the alleged crimes,[5] Assarsson argued that the Treaty prohibited his extradition.

The district court denied Assarsson's petition holding that the stay of commitment entered at Assarsson's request tolled the running of the statute of limitations. According to the district court, at the time the stay was granted there were almost eighteen months remaining in the statutory period. Thus, Article V would bar extradition only if the Secretary of State failed to extradite Assarsson within eighteen months after the lifting of the stay.

## II

■■■■ Article V, ¶ 2 requires compliance with the federal criminal statute of limitations as a prerequisite to extradition. Thus, before the ruling magistrate or judge may authorize the Secretary of State to surrender a requested fugitive, he must determine that prosecution is not barred by 18 U.S.C. § 3282. *Caplan v. Vokes*, 649 F.2d 1336, 1340 (9th Cir. 1981); *Freedman v. United States*, 437 F.Supp. 1252, 1264 (N.D.Ga. 1977). The crimes with which Assarsson was charged were allegedly committed between January 9, 1975, and October 3, 1975. Assuming that the statute of limitations began to run on October 3, 1975,[6] there were approximately two years remaining in the statutory period when the magistrate authorized surrender on October 20, 1978. Therefore, the condition set forth in Article V, ¶ 2 was satisfied in this case, and the magistrate did not err in authorizing Assarsson's extradition.

■■ Assarsson's argument that extradition is barred because the Secretary of State failed to surrender him before October 3, 1980, is not persuasive. Article V, ¶ 2 specifies that "extradition shall not be granted" if either of the applicable statutes of limitations has run. "Extradition" is a multi-phased process. It is initiated when a requesting nation asks the Secretary of State to extradite a fugitive. If the Secretary chooses to honor the request, he may initiate the necessary judicial extradition proceedings by requesting the Justice Department to file a verified extradition complaint in a court having personal jurisdiction over the fugitive. 18 U.S.C. § 3184.[7] If the court enters an order authorizing extradition, the Secretary of State may then decide whether to surrender the individual to the requesting country. 18 U.S.C. § 3186.[8] Section 3186 authorizes the Secretary to surrender the requested fugitive only if extradition has been authorized by the court pursuant to section 3184. By procuring a stay of the magistrate's October 20, 1978, commitment order authorizing extradition, Assarsson precluded the Secretary from completing the extradition process.[9] We will not permit Assarsson to use the delay which he himself created to defeat extradition.

Interpreting Article V, ¶ 2 as Assarsson requests would result in an anomaly that neither this country nor Sweden could have intended. We permit individuals to challenge extradition orders pursuant to petitions for writs of habeas corpus in order to ensure that "all persons on our soil receive due process under our laws." *In re Assarsson*, 635 F.2d at 1244. Disposition of a

---

4. Swedish prosecution is initiated by summons. *Swedish Code of Judicial Procedure*, ch. 45, § 1. Sweden admits that it has not obtained a summons in this case.

5. The crimes with which Assarsson is charged were allegedly committed between January 9, 1975, and October 3, 1975.

6. Assarsson assumes that the statute began to run on October 3, 1975, rather than January 9, 1975. For purposes of this appeal, we accept Assarsson's designation of October 3 as the relevant date. We note, however, that our de-

cision in this case would be no different if we adopted January 9 as the relevant date.

7. *See* note 1 *supra*.

8. 18 U.S.C. § 3186 provides, in pertinent part:
   The Secretary of State may order the person committed under sections 3184 or 3185 of this title to be delivered to any authorized agent of such foreign government, to be tried for the offense of which charged.

9. *See* note 2 and accompanying text *supra*.

habeas petition through appeal may take years, as it did in this case. Sweden first requested Assarsson's extradition in 1977. It is now almost five years later and although extradition was granted on October 20, 1978, Assarsson is still in the United States actively pursuing his due process remedies. We certainly do not criticize him for availing himself of these remedies. We admonish Assarsson and other relators, however, that we will not permit these remedies to be used to postpone extradition indefinitely.

### III

For the reasons stated in this opinion, we affirm the judgment of the district court.

AFFIRMED.