**In re UNITED STATES of America, Petitioner.**

**In the Matter of the Extradition of Paul ALLEN.**

**Paul ALLEN, Petitioner-Appellee,**

v.

**George P. SCHULTZ, Secretary of State, Respondent-Appellant.**

Nos. 83–2221, 83–2152
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 16, 1983.

---

Alvin D. Lodish, Brenda Gruss, Attys., Office of Intern. Affairs, Crim. Div., Washington, D.C., James R. Gough, Asst. U.S. Atty., Houston, Tex., for petitioner in No. 83–2221 and respondent-appellant in No. 83–2152.

Samuel G. Longoria, Asst. U.S. Atty., Houston, Tex., for respondent-appellant in No. 83–2152.

Charles Rice Young, Houston, Tex., for Paul Allen.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

REAVLEY, Circuit Judge:

This case concerns extradition proceedings against Paul Allen, a fugitive from Canadian justice. While awaiting extradition under an order from the United States District Court for the Southern District of Texas, Allen filed this habeas corpus action in which he alleged that delay in delivering him to Canadian authorities entitled him to release. The district court agreed and ordered Allen's immediate release. We granted a motion by the government to stay the order pending appeal. Presently before us are the government's appeal and a petition for mandamus. We vacate and

remand to the district court for further proceedings and deny the mandamus petition.

## FACTUAL BACKGROUND

In August 1970, Allen escaped from a Canadian prison after serving three months of a three year sentence for forgery and uttering. On October 29, 1982, the district court issued a warrant for Allen's arrest on the basis of Canada's request. The district court conducted a hearing, found Allen subject to extradition and signed an order supplied by the Assistant United States Attorney who represented the government. The order directed United States Marshalls to deliver Allen to Canadian authorities.

On January 5, 1983, Allen filed a petition for habeas relief. The district court returned the petition to Allen with instructions to complete habeas corpus forms and file them within twenty days. Allen did not refile the action and the court took no further action on the first petition.

Allen then filed the present petition on February 28, 1983. Allen alleged that two calendar months had passed without any attempt by Canada to take him into custody. Under the extradition statutes, Allen contended, the delay, unless excusable, required his release. A magistrate issued a show cause order on March 3, 1983 directing the government to file a response within forty days.

On March 14, 1983, however, the district court held oral argument on the petition. The government had not yet filed a response. On the basis of the statements of counsel, the court granted the petition without extending an opportunity for the government to file its response or submit briefs. After the court denied a motion for reconsideration, the appeal and the petition for mandamus ensued.

## DISCUSSION

To place the arguments of the parties in perspective we begin by outlining the process of international extradition. The substantive right of a foreign country

to request the return of a fugitive and the duty of the United States to deliver the fugitive depends entirely on the existence of a treaty between the requesting nation and the United States. 18 U.S.C. § 3181 (1976), *Factor v. Laubenheimer,* 290 U.S. 276, 287, 54 S.Ct. 191, 193, 78 L.Ed. 315 (1933). To invoke its right to extradite a fugitive, the requesting nation must submit its request to a state or federal court. 18 U.S.C. § 3184 (1976).[1] The court determines whether the fugitive is subject to extradition and, if so, must order the fugitive's commitment and certify the supporting record to the Secretary of State. *Id.* The decision to surrender the fugitive then rests in the discretion of the Secretary of State. 18 U.S.C. § 3186 (1976); *Escobedo v. United States,* 623 F.2d 1098, 1105 n. 20 (5th Cir.), *cert. denied,* 449 U.S. 1036, 101 S.Ct. 612, 66 L.Ed.2d 497 (1980). The fugitive cannot obtain direct appellate review of either the extraditing court's decision, *Collins v. Miller,* 252 U.S. 364, 369, 40 S.Ct. 347, 349, 64 L.Ed. 616 (1920); *Gusikoff v. United States,* 620 F.2d 459, 461 (5th Cir. 1980), or the Secretary of State's exercise of discretion. *Escobedo v. United States,* 623 F.2d at 1105. The fugitive may obtain habeas corpus relief on the grounds of lack of probable cause, failure to prove identity, or failure to charge an offense within the meaning of the treaty. *Gusikoff v. United States,* 620 F.2d at 461.

The extradition statutes also afford protection against indefinite incarceration during the pendency of extradition. 18 U.S.C. § 3188 provides:

**Time of commitment pending extradition**

Whenever any person who is committed for rendition to a foreign government to remain until delivered up in pursuance of a requisition, is not so delivered up and conveyed out of the United States within two calendar months after such commitment, over and above the time actually required to convey the prisoner from the jail to which he was committed, by the readiest way, out of the United States, any judge of the United States, or of any State, upon application made to him by or on behalf of the person so committed, and upon proof made to him that reasonable notice of the intention to make such application has been given to the Secretary of State, may order the person so committed to be discharged out of custody, unless sufficient cause is shown to such judge why such discharge ought not to be ordered.

The statute clearly contemplates an exercise of discretion by the court. *See Barrett v. United States,* 590 F.2d 624, 626 (6th Cir.1980) (reviewing finding of good cause under abuse of discretion standard). The government argues that the district court abused that discretion,[2] and failed to require Allen to prove notice to the Secretary of State.

The record contains no order explaining why the court exercised its discretion in favor of granting relief. The sole indication of the reasons derives from the court's dialogue with counsel at oral argument. In pertinent part, the transcript reads as follows:

THE COURT: Why has the government not taken action under 18 U.S.C. 3188, Mr. Powers [assistant United States Attorney]? Can you tell me anything? Can you tell me any reason why the petitioner should not be released?

MR. POWERS: I can't tell you much of anything, to be perfectly frank, your Honor. The only thing I do know, I have done some extraditions before—I don't know much about this one—but I do know that nothing can happen until the— I'm not sure what it is now—I know the

---

1. In practice, the requesting nation submits its request to the Secretary of State who may request the Justice Department to file a verified extradition complaint. *See Matter of Assarsson,* 670 F.2d 722, 725 (7th Cir.1982).

2. The government also argues that the two calendar month limitation runs from certification to the Secretary of State and not from the time of commitment. Such a construction of § 3188 tortures the plain wording of the statute and, at any rate lacks support in the case law. *See Barrett v. United States,* 590 F.2d at 626.

order and I think the transcripts of a hearing and probably some other material have to be sent to the State Department.

THE COURT: Was that done?

MR. POWERS: I have no idea. Apparently not

. . . . .

THE COURT: Mr. Young [Counsel for Allen], this is something I was supposed to do I didn't do? Tell me about that.

MR. YOUNG: I think the entire burden, your Honor, is on the government, specifically, the State Department to see to it after the order was entered by this court ordering extradition for Mr. Paul Allen to be released to the custody of the government of Canada within two calendar months of the date that the order was entered.... I cannot think of any reason whatsoever why the government would not be able to comply within two months to justify a reason to hold him any longer.

THE COURT: .... I am still trying to find out whether there is something I should have done. I don't consider that I should have ordered the transcript and then direct that my order and the transcript of the proceeding be sent to the Secretary of State.

. . . . .

THE COURT: I don't see that there is any further obligation on my part. It seems I did more that I should have in attempting to fill gaps that were in the request for extradition.

Your application for writ of habeas corpus, Mr. Young, appears to be appropriate. It is clear that the petitioner should have been extradited by statute within two calendar months after commitment, and the commitment was December 28th and that would have expired before to-

day. That is for sure. So, your writ will be granted.

R.2, 4–6.

Apparently, the court concluded that the government had simply failed to carry out its duties under the statute. The court seemingly viewed the obligation to assemble and send the record to the State Department as one resting entirely with the government. Such a failure on the government's part would hardly constitute "cause" for excusing delay.

▮ The court, however, applied its discretion on the basis of a misapprehension about the law. 18 U.S.C. § 3184 (1976) reads in pertinent part:

> If, on such [extradition] hearing, [the Magistrate or judge] deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention, he shall certify the same, together with a copy of all the testimony taken before him to the Secretary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government for the surrender of such person, according to the stipulations of the treaty or convention; and he shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made.

The duty to certify falls not upon the parties but upon the extraditing magistrate.[3] Moreover, the court lacked the authority to order final extradition; the surrender of Allen could only be accomplished by the Secretary of State. *Matter of Assarsson,* 670 F.2d at 725; 18 U.S.C. § 3186 (1976). We have recognized that the ultimate decision to extradite is "within the exclusive prerogative of the Executive in the exercise of its power to conduct foreign affairs." *Escobedo v. United States,* 623 F.2d at 1105.

---

**3.** To certify is nothing other than: "[t]o authenticate or vouch for a thing in writing. To attest as being true or as represented." Blacks Law Dictionary 207 (5th Ed.1979). We understand the statute to require a "certificate" in the following sense:

> A written assurance made or issuing from some court, and designed as a notice of things done therein, or, as a warrant or authority to some other court, judge, or officer. *Id.* at 205.

Viewed in this light, the circumstances before the court do not present a case of simple inaction by the government. The government could not deliver Allen into Canadian custody without action by the Secretary of State. Action by the Secretary necessarily awaited a certification that the court failed to make.

 Contrary to the government's position, however, we do not believe that the inquiry must end there. Nothing in § 3188 suggests that delay in certification automatically tolls the running of the time limitation.[4] The two calendar months run from the time of commitment. Undoubtedly a delay in certification can constitute sufficient cause within the meaning of § 3188, but we do not regard it as conclusive in the present circumstances. We have no record that justifies a finding of sufficient cause, and the trial court obviously acted under a mistake of law. We believe it best to remand to that court for reconsideration in accord with this opinion. Allen is to be retained in custody until judgment in the cause is final or he is surrendered pursuant to direction of the Secretary of State.

 We point out, also, the necessity under § 3188 for Allen to give notice to the Secretary of State of the intention to apply for the writ of habeas corpus. Affidavits submitted to this court state that the first notice served on the Secretary came more than a week after the district court granted the writ.

Since we are confident that the District Court will comply with the statutory obligation, as construed in this opinion, to certify its order and record to the Secretary of State, we deny the application for writ of mandamus. Having done so the District Court shall determine whether Allen is entitled to release under § 3188.

The mandate shall issue forthwith.

MANDAMUS DENIED (83–2221).

VACATED and REMANDED (83–2152).

---

4. We note that "cause" need only justify the delay between commitment and the filing of this action. Delays attributable to the pendency of this action would be supported by sufficient cause. *See Jimenez v. United States District Court,* 84 S.Ct. 14, 18, 11 L.Ed. 30 (1963) (Goldberg, J., in Chambers); *accord Barrett v. United States,* 590 F.2d at 626.