**Jeffrey Phillip KAMRIN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 83–3836.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 1984.

Decided Feb. 14, 1984.

Oscar Goodman, Las Vegas, Nev., George William Cody, Cody & Hatch, Inc., P.S., Lynnwood, Wash., for petitioner-appellant.

Stephen C. Schroeder, Asst. U.S. Atty., Seattle, Wash., for respondent-appellee.

Before WRIGHT and HUG, Circuit Judges, and EAST *, Senior District Judge.

EUGENE A. WRIGHT, Circuit Judge.

Kamrin seeks a writ of habeas corpus to prevent his extradition to Australia on the ground that the United States statute of limitation would bar the underlying prosecution on charges arising from acts in Australia ending in 1974. Because nothing in the extradition treaty between the two countries provides for application of the United States statute of limitation in this case or for full United States due process rights, we affirm the denial of the writ.

FACTS

Kamrin is a citizen and, since 1975, a resident of the United States. In December 1980, he was charged in Australia with conspiracy to cheat and defraud and with defrauding persons by making willfully false pretenses regarding investments in

* Of the District of Oregon.

car wash franchises in that country between March 1972 and December 1974. Australia has no statute of limitation for these crimes. The United States statute of limitation for such charges is five years. 18 U.S.C. § 3282.

The United States Attorney petitioned for Kamrin's extradition in 1982. Supporting documents cited the 1974 Treaty of Extradition Between the United States and Australia, 27 U.S.T. 957, T.I.A.S. 8234 [the Treaty]. Kamrin was arrested and released on his own recognizance.

In March 1983 a federal magistrate certified to the Secretary of State that extradition was proper. *See* 18 U.S.C. § 3184. Because that certification was not a final order warranting direct appeal, Kamrin petitioned for a writ of habeas corpus. Adopting the magistrate's memorandum and order, the district court denied it.

## DISCUSSION

### I. *Standard of Review*

■ No factual issues are raised. The question is one of interpretation and application of a treaty, which requires *de novo* review. *Cucuzzella v. Keliikoa,* 638 F.2d 105, 106–07 & nn. 1, 2 (9th Cir.1981).

### II. *The Treaty's Limitations Provision*

Article VII of the Treaty provides that "[e]xtradition shall not be granted ... when the prosecution for the offense has become barred by lapse of time according to the laws of the *requesting* state." The Treaty, art. VII(1)(b) (emphasis added). The prosecution is not time-barred in Australia, the requesting state here.

■ To apply the United States statute of limitation would preclude prosecution and thus extradition. When the United States is the requested country, delay in seeking extradition may be relevant to the Secretary of State's final determination as to whether extradition may go forward. *Freedman v. United States,* 437 F.Supp. 1252, 1264 (N.D.Ga.1977). The delay may not, however, serve as a defense to judicial extradition proceedings.

■ Generally, absent a specific treaty provision, the statute of limitation may be raised as a defense to criminal proceedings only after return to the requesting state. *Freedman,* 437 F.Supp. at 1263 (citing *Merino v. United States Marshal,* 326 F.2d 5 (9th Cir.1963), *cert. denied,* 377 U.S. 997, 84 S.Ct. 1922, 12 L.Ed.2d 1046 (1964)). It may not always be clear whether a prosecution is time-barred, and the general rule allows the prosecuting state to resolve the issue. The extraditee has an opportunity to raise the defense in the requesting country. The provision in Article VII is consistent with the general rule.

■ Given the general rule, the absence of a contrary provision should be interpreted as an intention by the party states that the statute of limitation of the requested state does not apply. *Cf. Caplan v. Vokes,* 649 F.2d 1336, 1337, 1340 (9th Cir.1981) (concerning treaty that *expressly* included party states' intention to apply statute of limitation of requested state). The parties did not intend for the United States statute of limitation to apply here.

### III. *Due Process*

■ Article X of the Treaty provides that "the person whose extradition is sought shall have the right to use such remedies and recourses as are provided by [the law of the requested state]." Kamrin claims that this entitles him to the due process right that underlies United States statutes of limitations: the right to a trial in which his defense is unimpaired by the passage of time.

Kamrin claims that *United States v. Williams,* 480 F.Supp. 482 (D.Mass.1979), held that the right to be free on bail was a "remedy and recourse" provided by laws of the United States. The First Circuit reversed the district court decision in *Williams,* holding that a showing of "special circumstances" is required for bail in extradition proceedings. 611 F.2d 914, 914 (1st Cir.1979). Williams had not made a sufficient showing, and his release was reversed. *Id.* at 914–15.

This "special circumstances" requirement creates a different standard for extradition cases than for federal criminal cases, where bail is granted unless the judicial officer determines that release will not reasonably assure the appearance of the defendant as required. 18 U.S.C. § 3146(a). The additional showing required in extradition belies Kamrin's claim that bail is one of the remedies and recourses of United States law to which an extraditee is entitled. The analogy of a statute of limitation to bail does not help Kamrin.

■ More important, it has long been settled that United States due process rights cannot be extended extraterritorially. *Neely v. Henkel,* 180 U.S. 109, 21 S.Ct. 302, 45 L.Ed. 448 (1901). *See also Holmes v. Laird,* 459 F.2d 1211 (D.C.Cir.), *cert. denied,* 409 U.S. 869, 93 S.Ct. 197, 34 L.Ed.2d 120 (1972).

> [A] surrender of an American citizen required by treaty for purposes of a foreign criminal proceeding is unimpaired by an absence in the foreign judicial system of safeguards in all respects equivalent to those constitutionally enjoined upon American trials.

*Holmes,* 459 F.2d at 1219 (citing *Neely,* 180 U.S. 109, 21 S.Ct. 302, 45 L.Ed. 448).

■ Time may have eroded Kamrin's ability to present a defense in Australia, but time has not eroded the holding of *Neely.* One who commits a crime in a foreign country "cannot complain if required to submit to such modes of trial ... as the laws of that country may prescribe for its own people, unless a different mode be provided for by treaty." *Neely,* 180 U.S. at 122–23, 21 S.Ct. at 307; *Holmes,* 459 F.2d at 1218–19. The extradition treaty between Australia and the United States has not provided a different mode than application of the requesting state's statute of limitation.

## CONCLUSION

Neither the language of the Treaty nor the United States Constitution require application of the United States five-year statute of limitation to prevent Kamrin's extradition. The denial of the writ is affirmed and extradition may be completed. The mandate shall issue now.