**Erkki YLIPELKONEN, Petitioner,**

v.

**Richard THORNBURGH, Respondent.**

**No. 90–8283–CIV.**

United States District Court, S.D. Florida.

Jan. 31, 1991.

Murray Stein, U.S. Dept. of Justice, Washington, D.C., for the U.S.

Ronald Jones, West Palm Beach, for petitioner.

---

ORDER DENYING WRIT OF HABEAS CORPUS

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the petitioner's application for a writ of habeas corpus pursuant to title 28, U.S.C. § 2241(a).

Petitioner seeks habeas corpus review of the Extradition Certification and Order of Commitment of United States Magistrate Judge Ann E. Vitunac dated May 30, 1990, which ordered, *inter alia*, the extradition of the petitioner to the representatives of the government of Finland. The petition alleges that the United States Magistrate Judge erred as a matter of law and seeks review herein.

A section 2241 petition may be used to contest a magistrate's decision on foreign extradition, there being no appeal rights under 18 U.S.C. § 3184. *In re Mackin*, 668 F.2d 122 (2d Cir.1981); *Eain v. Wilkes*, 641 F.2d 504, 508 (7th Cir.), *cert. denied*, 454 U.S. 894, 102 S.Ct. 390, 70 L.Ed.2d 208 (1981); *Quinn v. Robinson*, 783 F.2d 776 (9th Cir.), *cert. denied*, 479 U.S. 882, 107 S.Ct. 271, 93 L.Ed.2d 247 (1986).

The scope of review in extradition cases is a limited one, according due deference to the magistrate's initial determination. *Fernandez v. Phillips*, 268 U.S. 311, 312, 45 S.Ct. 541, 69 L.Ed. 970 (1925). "Habeas Corpus is available only to inquire whether the magistrate had jurisdiction, whether the offense charged is within the treaty and, by a somewhat liberal extension, whether there is any evidence warranting the finding that there was reasonable ground to believe the accused guilty." *Fernandez*, 268 U.S. at 312, 45 S.Ct. at 542 (Holmes, J.).

The question whether the offense comes within the treaty ordinarily involves a determination of whether it is listed as an extraditable crime and whether the conduct is illegal in both countries. *Factor v. Laubenheimer*, 290 U.S. 276, 54 S.Ct. 191, 78 L.Ed. 315 (1933). These are purely legal questions which this Court may review *de*

*novo. Kamrin v. United States*, 725 F.2d 1225 (9th Cir.), *cert. denied*, 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984). The magistrate's probable cause finding must be upheld if there is any competent evidence in the record to support it. *Fernandez*, 268 U.S. at 312, 45 S.Ct. at 542.

The Court has reviewed the transcripts and copies of documents received into evidence in this matter. The Court has further carefully reviewed the magistrate's order, as well as the exhibits attached to the petition herein.

Petitioner's extradition is sought for the offenses of aggravated tax fraud, continued tax fraud, and continued bookkeeping offenses.

The Court finds that the offense of aggravated tax fraud is indeed an extraditable offense pursuant to the Extradition Treaty between Finland and the United States of America and that as to such offense the period of limitations is ten years. Accordingly, the extradition is not barred by Article 7, section 2 of the treaty since prosecution for this offense is not barred by lapse of time according to the law of Finland, the requesting state. See Supplemental Certified and Authenticated Document of Hannu Taimisto, Senior Ministerial Secretary, Ministry of Justice, dated May 8, 1990, attached as Exhibit B to the petition herein. Indeed, Exhibit C to the petition herein, the statement of Tomi Vahatalo, attorney at law, supports this position and on page 2 thereof concurs in the view that the applicable statute of limitations for aggravated tax fraud is ten years.

It is clear upon *de novo* review that the offense charged, i.e., aggravated tax fraud, is within the treaty and that prosecution of this crime is not barred by the Finnish statute of limitations. It is equally clear that the magistrate had jurisdiction, and that there does exist in this record competent evidence to support the magistrate's finding of probable cause.

The scope of review in this case being limited, and it not appearing that the petitioner is presently illegally in custody and is, therefore, not entitled to the issuance of the writ of habeas corpus herein, it is hereby:

ORDERED and ADJUDGED that the petition for writ of habeas corpus as filed herein be and the same is hereby DENIED, and the petition for same be and the same is hereby DISMISSED.

DONE and ORDERED.