In re The Extradition of Risto YLI-PELKONEN, case no. 90–8331–CIV–VITUNAC, Petitioner,

v.

Murray R. STEIN, U.S. Dept. of Justice; U.S. Attorney (Atkinson); Andre Surena, Asst. Legal Advisor, Dept. of State; U.S. Marshal; Leon Watts, Assistant Federal Public Defender, Respondents.

No. 91–8013–CIV

United States District Court, S.D. Florida.

June 28, 1991.

**348**

Risto Ylipelkonen, pro se.

Murray R. Stein, U.S. Dept. of Justice, Washington D.C., pro se and for respondents.

---

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

PAINE, District Judge.

This matter comes before the court on the Petitioner, RISTO YLIPELKONEN ("Ylipelkonen"), Petition for Writ of Habeas Corpus (DE 1). Having reviewed the record, the memoranda of counsel and the law, the court enters the following order for the reasons set forth hereinafter.

## BACKGROUND

The Petitioner seek habeas corpus review of the Extradition Certification and Order of Commitment of United States Magistrate Ann E. Vitunac dated December 17, 1990, which placed Ylipelkonen in the custody of the United States Marshal for surrender to representatives of the Government of Finland. In his Petition, Ylipelkonen contends that error was committed and his human rights were violated when Magistrate Vitunac prevented a Finnish attorney, Maija Ruuska, from testifying at the extradition proceedings.

## HABEAS REVIEW OF EXTRADITION PROCEEDINGS

"The substantive right of a foreign country to request the return of a fugitive and the duty of the United States to deliver the fugitive depends entirely on the existence of a treaty between the requesting nation and the United States." *In re United States*, 713 F.2d 105, 107–08 (5th Cir.1983) (citing *Factor v. Laubenheimer*, 290 U.S. 276, 287, 54 S.Ct. 191, 193, 78 L.Ed. 315 (1933)). In order to invoke its right, the nation submits its extradition request, pursuant to 18 U.S.C. § 3184[1], to a federal court, although in practice the nation seeking extradition usually submits its request to the Secretary of State who may ask the Justice Department to file a verified extradition complaint. *United States*, 713 F.2d at 108. In accordance with Section 3184, the court before whom the request or complaint is filed, must hold extradition proceedings wherein it is determined whether there exists evidence sufficient to sustain

1. That statute provides, in part, that:

   Whenever there is a treaty or convention for extradition between the United States and any foreign government, any justice or judge of the United States, or any magistrate authorized so to do by a court of the United States ... may, upon complaint made under oath, charging any person found within his jurisdiction, with having committed within the jurisdiction of any such foreign government any of the crimes provided for by such treaty or convention, issue his warrant for the apprehension of the person so charged, that he may be brought before such justice, judge, or magistrate, to the end that the evidence of crimi-

   nality may be heard and considered.... If, on such hearing, he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention, he shall certify the same, together with a copy of all the testimony taken before him, to the Secretary of State, that a warrant may issue upon the requisition of the proper authorities of such foreign government, for the surrender of such person, according to the stipulations of the treaty or convention; and he shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made.

the requesting nation's charge under the provisions of the treaty or convention.

■ As there are no appeal rights under 18 U.S.C. § 3184, a habeas corpus petition may be used to contest a Magistrate's decision on foreign extradition. *Ylipelkonen v. Thornburgh*, 756 F.Supp. 570 (S.D.Fla. 1991). Habeas review of a commitment order, however, is limited to three areas of determination. *Fernandez v. Phillips*, 268 U.S. 311, 312, 45 S.Ct. 541, 542, 69 L.Ed. 970 (1925). The first area in which habeas relief is available is to decide whether the magistrate had jurisdiction over the extradition proceedings. *Id.* The second is to determine whether the offense charged is within the treaty. *Id.* With respect to this issue, *de novo* review is required where the question is one involving the interpretation and application of a treaty. *Kamrin v. United States*, 725 F.2d 1225 (9th Cir.1984). Finally, a district court may re-examine if there was any evidence warranting the finding that there was probable cause to support the charges. *Id.* "A magistrate's probable cause finding must be upheld if there is any competent evidence in the record to support it." *Ylipelkonen*, 756 F.Supp. at 571 (citing *Fernandez*, 268 U.S. at 312, 45 S.Ct. at 542).

■ Upon *de novo* review of the extradition hearing transcript, the documents received into evidence, Magistrate Vitunac's Order, as well as the exhibits attached to the Petition herein, the court finds that the requirements of 18 U.S.C. § 3184 have been met:

(1) A valid treaty exists between the United States and Finland;

(2) The crimes of embezzlement, fraud, fraudulent bankruptcy and forgery which Ylipelkonen is charged are provided for by this Treaty;

(3) Ylipelkonen is the person sought to be extradited;

(4) Ylipelkonen was found within the court's jurisdiction;

(5) There is probable cause to believe that Ylipelkonen was convicted of the crimes with which he is charged by Finnish authorities.

■ Additionally, the court finds that the grounds on which the Petitioner seeks review of the commitment order to be without merit. Ylipelkonen contends that since Article 14, paragraph 3(e) of the United Nations' International Covenant on Civil and Political Rights entitles him "[t]o examine, or have examined, the witnesses against him and to obtain the attendance and examination of witnesses on his behalf under the same conditions as witnesses against him," his human rights were violated when the Magistrate precluded a Finnish attorney from testifying about probation statutes in her native country. He points out that Article 2, Section 5 of the extradition treaty between the United States and Finland does not apply to individuals which have less than one year of their sentence remaining to be served.[2] The Petitioner states that if Maija Ruuska was allowed to speak at the proceeding, she would have testified that if Ylipelkonen was extradited to Finland, he would receive probation and his sentence would be reduced to less than one year.

Without reaching the issue as to whether the commitment order is reviewable on this ground, the court finds that the preclusion of testimony by the Magistrate did not constitute error. First, the transcript of the extradition proceeding reveals that on more than one occasion the Petitioner argued that he was not extraditable because of Finland's probation statutes. Second, Ylipelkonen was allowed to introduce, over the objection of the government, five exhibits, of which four either explained or set forth the probation argument which Ruuska would have, and the Petitioner did, testify about. More importantly, matters concerning the Petitioner's potential probation does not go to the key issue for the court to determine, that is, whether he is extraditable pursuant to the terms of the treaty.

**2.** Article 2, Section 5 provides:
A person convicted of and sentenced for an offense to which this Article applies shall not be extradited therefor unless he was sentenced to serve a period of imprisonment or other form of detention of which one year or more remains to be served, or to the death penalty.

Matters related to the Petitioner's probation is for the Government of Finland to determine once Ylipelkonen has been turned over to their custody.

Finally, the court notes that the Petitioner has argued that if you take into consideration the time of his incarcerated in the United States, the remaining period of his sentence is now less than one year. Although this may be true, it must be noted that at the time Magistrate Vitunac entered her order, Ylipelkonen had in excess of one year remaining to be served. Consequently, the subsequent review of the Extradition Certification through a Petition for Writ of Habeas Corpus does not alter the court's finding that the Petitioner is extraditable to Finland. In other words, Ylipelkonen cannot exploit a delay which he himself has created to defeat extradition. *Matter of Assarsson*, 670 F.2d 722, 725 (7th Cir.1982); *Matter of Extradition of Tang Yee–Chun*, 674 F.Supp. 1058 (S.D.N.Y.1987). *Cf. United States*, 713 F.2d at 110 n. 4 (delay of extradition pending disposition of relator's appeal does not adversely effect ability to be extradited).

In view of all the foregoing, it is hereby ORDERED and ADJUDGED that the Petitioner's Petition for Writ of Habeas Corpus (DE 1) is DENIED and the Petition for same is DISMISSED.

DONE and ORDERED.