**Karin Elena CAUSBIE GULLERS, Petitioner—Appellant,**

v.

**Raul David BEJARANO, United States Marshal for the Southern District of California, Respondent—Appellee.**

No. 07–55137.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Sept. 16, 2008.

Steven L. Barth, Steven F. Hubachek, Federal Defenders of San Diego, Inc., San Diego, CA, for Petitioner–Appellant.

Robert Ciaffa, Office of the U.S. Attorney, Las Vegas, NV, for Respondent–Appellee.

Before: PREGERSON, HAWKINS, and FISHER, Circuit Judges.

## MEMORANDUM *

Karen Elena Causbie Gullers ("Causbie") appeals the district court's denial of her 28 U.S.C. § 2241 habeas corpus petition, which challenged a magistrate judge's order that certified Causbie for extradition to Mexico to face criminal fraud charges. We remand to the district court for further proceedings.

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Article 7 of the Treaty states, "[e]xtradition shall not be granted when the prosecution or the enforcement of the penalty for the offense for which extradition has been sought has become barred by lapse of time according to the laws of the requesting or requested Party." Extradition Treaty, U.S.–Mex., art. 7, May 4, 1978, 31 U.S.T. 5059 ("U.S.–Mexico Extradition Treaty"). For Causbie to be extraditable, the prosecution against her must fall within the statute of limitations according to the laws of both the "requesting party," i.e., Mexico, and the "requested party," i.e., the United States. *See Clarey v. Gregg,* 138 F.3d 764, 766 (9th Cir.1998).

Causbie contends that extradition is barred because she was not properly charged within five years of committing the crime, which would be the statute of limitations for an equivalent crime in the United States. We agree with the district court that the Mexican arrest warrant in this case was issued "well before the limitations period expired under U.S. law," and there is no requirement in the Treaty or otherwise that Mexican proceedings must be commenced by an indictment of the type commonly used in criminal proceedings in the United States. *See, e.g., Emami v. U.S. Dist. Ct.,* 834 F.2d 1444, 1448–49 (9th Cir.1987) (filing of formal charges not required under extradition treaty with Germany, which did not include such a requirement in list of certified documents to accompany request for extradition); *see also Theron v. U.S. Marshal,* 832 F.2d 492, 499–500 (9th Cir.1987) (it is "inappropriate to engage in such an inquiry into the formal procedures a country uses in instituting prosecution"), *rev'd on other grounds by United States v. Wells,* 519 U.S. 482, 117 S.Ct. 921, 137

L.Ed.2d 107 (1997); *Caplan v. Vokes,* 649 F.2d 1336, 1340 (9th Cir.1981) (measuring statute of limitations from the date of the London arrest warrant).

Causbie also argues she cannot be extradited under the Treaty because her prosecution is time barred under Mexican law. She contends that the criminal fraud action was effectively extinguished because the alleged victims failed to file complaints within a six-month limitations period, relying on Chapter VII (Article 80) of the Jalisco Code, which states, in part:

> [T]he right of the victim to file a complaint for a crime, whether the crime be continuous or not, *that can only be prosecuted by the complaint of a party,* will terminate in six months, as of the day on which the victim has knowledge of the crime and the felon.... (Emphasis added.)[1]

However, Chapter VIII (Articles 81 and 82, in particular) also speaks to the statute of limitations. Article 82 states that "[c]riminal action will be barred by the statute of limitations in a term equal to the arithmetic average of the term of the incarceration penalty that corresponds to the crime, plus one fourth of such term." In a fraud case, the incarceration penalty is between four and ten years, thus the arithmetic average is seven years. This number is increased by one year and nine months (or, one-fourth of seven years), thus, under these provisions, the limitations period for fraud is eight years and nine months.[2]

The parties do not dispute that the alleged victims waited more than six months to file their complaints after they had knowledge of both the crime and the offender. Nor do the parties dispute that the eight-year, nine-month time frame within which the Mexican government may prosecute has not yet expired. Thus, resolution of this issue rests squarely on whether the expiration of Article 80's six-month limit is sufficient to extinguish the cause of action against Causbie, despite Article 82's eight-year, nine-month limit having not yet expired.

The answer to this question is not apparent on the record before us. From our limited understanding of Mexican law, it appears that criminal proceedings can be initiated in two ways: (1) a victim can file a *denuncia* (a denunciation or accusation) with judicial authorities, the prosecutor or the police, which will trigger a preliminary state investigation and possibly lead to an official *"ex officio"* prosecution, or (2) a victim can file a *querella* (private complaint) which itself asks the judge to initiate criminal proceedings and gives victims certain rights during the criminal process. *See generally* Rodolfo Monarque Ureña, *Derecho Procesal Penal Esquematico* (A Schematic of the Right to Criminal Process), 21–27 (2002); James F. Smith, et al.,

---

1. This version of Article 80 reflects a recent amendment, which shortened the limitations period for complaint filings from one year to six months. The government concedes the complaints were not filed for more than one year; thus, it is irrelevant which version of Article 80 applies in this case.

2. These calculations were provided by a Mexican court in a certified document submitted with the extradition request and are not disputed by the parties. Although the government argues that we must accept this certified determination of the statute of limitations under Mexican law, the Treaty requires Mexico to provide the text of the legal provisions, but requires the United States courts, on their own, to apply the Mexican law to the facts of the particular case. *See* U.S.–Mexico Extradition Treaty, arts. 7, 10.2.d., 14. The cases relied on by the government apply in the absence of a treaty provision. *See, e.g., Kamrin v. United States,* 725 F.2d 1225, 1227 (9th Cir.1984); *Freedman v. United States,* 437 F.Supp. 1252, 1263 (N.D.Ga.1977).

*Why Mexico? Why Mexican Law? Why Now?*, 24 Penn St. Int'l L.R. 373, 406 (2005). Thus, Article 80 apparently refers to crimes which can *only* be prosecuted by a *querella,* and would appear to bar prosecution when the *querella* has not been filed within the relevant period. *See* Ureña, *supra,* at 28.[3] To this point, however, no court has considered whether, under Mexican law, the crime of which Causbie is accused may be prosecuted only by *querella* (in which case Article 80 would apply instead of Articles 81 and 82). We therefore remand to the district court to make such a determination on an open record and to determine the applicable statute of limitations accordingly.

**AFFIRMED IN PART** and **REMANDED WITH INSTRUCTIONS.** Each party shall bear its own costs on appeal.

---

**3.** For example, in Mexico, domestic violence abuses can generally only be prosecuted by way of *querella,* and thus could not be prosecuted by the state absent the filing of this private complaint. *See* Smith, *supra,* at 406 & n. 225; *see also* Ureña, *supra,* at 27.