Michael WHITE

v.

J. Kevin KANE, et al.

Civ. A. No. 91–7492.

United States District Court,
E.D. Pennsylvania.

Aug. 18, 1994.

Timothy J. Campbell, Philadelphia, PA, for plaintiff.

Brian K. Wiley, Philadelphia, PA, for defendants.

## MEMORANDUM

O'NEILL, District Judge.

### I. *Introduction*

Plaintiff is a prisoner incarcerated at the State Correctional Institute at Graterford ("SCI Graterford") who alleged that defendants Kevin Kane and James Salvi denied him his right to procedural due process under the Fourteenth Amendment of the United States Constitution in violation of 42 U.S.C. § 1983. At trial, at the conclusion of the evidence, defendants moved for a directed verdict pursuant to Fed.R.Civ.P. Rule 50. I denied defendants' motion. The jury exonerated defendant Salvi—a Graterford guard who allegedly attempted to intimidate one of the witnesses who testified in plaintiff's behalf at the misconduct hearing—and returned a verdict in favor of plaintiff against defendant Kane—the Hearing Examiner. Defendant Kane's motion for judgment n.o.v. pursuant to Rule 50 is currently before the Court. For the reasons that follow, I will grant defendant's motion.

### II. *Facts*

On November 13, 1990 prison authorities conducted a search of plaintiff's cell and discovered a tightly folded $100.00 bill in the bottom of the cell's medicine cabinet. Prison regulations define money as contraband and prohibit inmates from possessing it. DOC Adm.Dir. 801. Those regulations also place an inmate in constructive possession of any object found in his cell. *Id.* The guards who conducted the search charged plaintiff with a misconduct for possession of contraband.

Plaintiff was absent from his cell working at his prison job at the time of the cell search. When confronted by the guards who conducted the search plaintiff denied all knowledge of the $100.00 bill. At his misconduct hearing on November 15, 1990, plaintiff again denied knowledge of the $100.00 bill and produced two fellow inmates to testify on his behalf. Defendant Kane's hearing report states:

> White states that the [guards] searched his cell, they told him they found a $100.00 bill in his metal cabinet. White states that he never saw the money and he never knew it was there. Witness Cooke, # AK3033, stated under oath that he was in White's cell prior to the search and put the $100.00 bill in White's cell. Witness Reed, # BE1826, stated under oath that inmate Cooke was leaving White's cell when the [cell search team] came on the block, states that he does not know if Cooke left anything in the cell. I find for the officer's report over White's denial and his witness' testimony that this cell was searched and a $100.00 bill was found. I find the report clear that the money was found in his cell and I don't find Cooke's testimony or White's testimony very credible. I find Reed offered no relevant testimony as to what was found in white's cell. I find White guilty of possession of contraband.... Sanction, 45 days [disciplinary confinement], effective November 15, 1990 through December 30, 1990; loss of job effective November 15, 1990.

Plaintiff's Opposition, at 8; Transcript, at 89–90.[1]

The jury returned a verdict in favor of plaintiff and awarded him $2000.00 as nominal damages for the deprivation of his constitutional rights. Jury Questionnaire: Defendant J. Kevin Kane, at question 4. The jury also seems to have wanted to reinstate plaintiff to his job though the jury questionnaire did not provide for that remedy.

### III. *Legal Standard*

#### a. *Defendants' Motion for Judgment N.O.V.*

The district court may grant judgment n.o.v. pursuant to Rule 50 "only if,

---

1. DOC Adm.Dir. 801 also states that prisoners "are not permitted at any time to enter any cell other than [the prisoner's] own, nor [is a prison-er] to permit any other inmate to enter [his] cell unless officially assigned to the same cell."

viewing the evidence in the light most favorable to [the nonmoving party] and giving [that party] the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury could reasonably find liability." *Wittekamp v. Gulf & Western, Inc.*, 991 F.2d 1137, 1141 (3d Cir.) *cert. denied,* —— U.S. ——, 114 S.Ct. 309, 126 L.Ed.2d 256 (1993). Evidence is insufficient if the record lacks "the minimum quantum of evidence from which a jury might reasonably afford relief. The Court may not weigh evidence, determine the credibility of witnesses or substitute its version of the facts for that of the jury." *Parkway Garage, Inc. v. City of Philadelphia,* 5 F.3d 685, 691–92 (3d Cir. 1993) (citations omitted).

b. *The Plaintiff's Due Process Claim*

■ Where an imprisoned person is the subject of a disciplinary hearing that may result in the loss of a liberty interest subject to protection under the Fourteenth Amendment, that prisoner must receive:

(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

*Superintendent v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985).[2] In addition, the disciplinary decision "does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." *Id.* (quotation and citation omitted). The *Hill* Court continued:

Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant ques-

tion is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.... The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.... [No] other standard greater than some evidence applies in this context.

*Id.,* 472 U.S. at 455–56, 105 S.Ct. at 2774.

IV. *Discussion*

■ In regard to his disciplinary hearing, plaintiff concedes that he was afforded advance written notice of the disciplinary charges and provided the opportunity to call witnesses and present documentary evidence in his own defense. In his motion for judgment n.o.v., defendant Kane asserts that his written report clearly states the evidence relied upon and the reasons for the disciplinary action, and that the search team's report and the $100.00 bill constitute some evidence in support of his decision. Even giving plaintiff advantage of every fair and reasonable inference, defendant argues, there is insufficient evidence from which a jury could reasonably have found in favor of plaintiff.

Plaintiff argues that this Court must deny defendant's motion because the jury could reasonably have found defendant Kane's written report constitutionally deficient in two respects: (1) it does not state the reasons that defendant Kane found the guards' report to be credible and the plaintiff and his witnesses to lack credibility; and (2) it does not state why defendant Kane concluded that 45 days of restricted housing and loss of job was the appropriate sanction for plaintiff's misconduct. Plaintiff asserts that "[n]owhere in his hearing report does Kane articulate any basis for the punishment which he imposed upon Mr. White nor for finding his testimony not credible." Plaintiff's Opposition, at 8. Plaintiff argues that either of these alleged deficiencies provides a sufficient basis for this Court to uphold the jury's verdict.

*Wolff v. McDonnell,* 418 U.S. 539, 564, 94 S.Ct. 2963, 2978–79, 41 L.Ed.2d 935 (1974),

---

2. The Court of Appeals has held that "[b]ecause confinement in Disciplinary Custody involves a determination of guilt, the notion that due process must attend such confinement is readily accepted." *Helms v. Hewitt,* 655 F.2d 487, 494 (3d Cir.1981) *rev'd on other grounds* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), *reinstated as modified* 712 F.2d 48 (1983).

established that due process requires a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action in a prison disciplinary proceeding where a prisoner is deprived of a liberty interest. The Supreme Court stated:

the provision of a written record helps to insure that administrators, faced with possible scrutiny by state officials and the public, and perhaps even the courts, where fundamental constitutional rights may have been abridged, will act fairly. Without written records, the inmate will be at a severe disadvantage in propounding his own cause or to defending himself from others.

*Id.* at 565, 94 S.Ct. at 2979. The Court of Appeals for the Seventh Circuit regards the written statement as necessary to "protect the inmate's substantive due process right not to be found guilty except by an appropriate quantum of evidence." *Chavis v. Rowe,* 643 F.2d 1281, 1287 (7th Cir.) *cert. denied, Boles v. Chavis,* 454 U.S. 907, 102 S.Ct. 415, 70 L.Ed.2d 225 (1981) (citing *Aikens v. Lash,* 514 F.2d 55, 60 (7th Cir.1975), *vacated and remanded on other grounds,* 425 U.S. 947, 96 S.Ct. 1721, 48 L.Ed.2d 191 (1976), *reinstated as modified,* 547 F.2d 372 (1976)); *but see Brown v. Frey,* 807 F.2d 1407 (8th Cir.1986) ("The *Wolff* written statement requirement creates only a minimal standard of procedural conduct needed to satisfy due process; it does not require a 'technical and detailed' reconstruction of the incident, as the disciplinary board viewed it, to justify the disciplinary action." *Id.* at 1413.).

In arguing that this Court should uphold the jury verdict, plaintiff asks this Court require defendant Kane's written hearing report to contain record of the reasons why

defendant found the guards' written report credible and that the testimony of plaintiff and his witnesses was not credible. In *Hill,* however, the Supreme Court emphasized that the requirement that a "disciplinary board ... explain the evidence relied upon" was intended to meet the requirements of due process without imposing significant new burdens on prison proceedings. *Hill,* 472 U.S. at 455, 105 S.Ct. at 2774. "The standard is met if there [is] some evidence from which the conclusion of the administrative tribunal could be deduced." *Id.* (citation and quotation omitted). The requirement of a written statement for the reasons relied upon by the disciplinary board, however, "does not imply that a disciplinary board's factual findings ... are subject to second-guessing upon review." *Id.*

In the present case, defendant Kane wrote:
I find the report clear that the money was found in White's cell and I don't find Cook's testimony or White's testimony very credible. I find Reed offered no relevant testimony as to what was found in the cell. I find White guilty of possession of contraband.

Transcript, at 89–90.[3] Defendant Kane credited the guards' written report to establish the fact that the $100.00 bill was found in plaintiff's cell.[4] Prison regulations place plaintiff in constructive possession of any object found within his cell. The guards' written report upon which defendant Kane relied, therefore, constitutes some evidence of the misconduct with which plaintiff was charged and the reasons that support defendant Kane's decision may be deduced from the hearing report.

Though plaintiff has not argued directly that defendant's reliance on the constructive

---

**3.** The trial transcript records the following exchange in the cross examination of defendant Kane:

Q. Now [Mr. Kane], in your findings of fact, verdict and sanctions imposed do you explain to Mr. White why you chose the sanction that you chose?
 A. No.
Q. Do you explain why you didn't find Mr. White, Mr. Cook or Mr. Reed to be very credible?
 A. Did I explain it to Mr. White?
Q. Yes, did you explain it in your report?
 A. Just the way I read it to you, yes.

Q. What reasons did you offer to explain why you did not find Mr. White, Mr. Reed or Mr. Cook credible?
 A. I just didn't believe them.
Q. You just didn't believe them?
 A. Yes.
Q. Any particular facts that you wrote down as to why you didn't believe them?
 A. No, I didn't write any facts down as to why, I just wrote down that I didn't believe them.

**4.** The constructive possession doctrine has been endorsed in this Circuit. *See, e.g., Griffin v. Spratt,* 969 F.2d 16 (3d Cir.1992).

possession doctrine, as applied to the facts of this case, violated plaintiff's right to due process, the arguments made by both counsel implicate that issue. Reviewing the facts before defendant Kane at plaintiff's disciplinary hearing, I determine that defendant's reliance upon the constructive possession doctrine was not misplaced.[5]

In regard to defendant Kane's decision to credit the guards' written report and not to credit the exculpatory testimony of plaintiff and his witnesses, it is the province of the disciplinary board or hearing officer to gauge the credibility of witnesses, not mine. *Hill,* 472 U.S. at 455, 105 S.Ct. at 2774. I therefore conclude that no reasonable jury could find defendant Kane's written report constitutionally infirm.

■ I also conclude that a reasonable jury could not have determined that defendant Kane's report was constitutionally infirm for failing to articulate any basis for the punishment imposed upon plaintiff. At the time of plaintiff's disciplinary hearing, D.O.C.Adm. Dir. 801 permitted a maximum sanction of six months restricted housing for possession of contraband.[6] So long as a disciplinary sanc-

tion is within the range committed to that tribunal's discretion, the fact that due process requires the hearing officer to provide a written statement that explains the evidence relied upon "does not imply that a disciplinary board's ... decisions with respect to appropriate punishment are subject to second-guessing upon review." *Hill,* 472 U.S. at 455, 105 S.Ct. at 2774.

■ Because the imposed sanction of 45 days of restricted housing was within the range of sanctions permitted under Adm.Dir. 801 and because the written statement states the evidence that defendant Kane relied upon in determining that plaintiff was guilty violating Adm.Dir. 801, I conclude that a reasonable jury could not have concluded that defendant Kane's written hearing report was constitutionally infirm for failing to articulate the basis for the punishment imposed upon plaintiff.

Having decided to grant defendant's motion for judgment n.o.v., I need not reach the issue of defendant Kane's claim of qualified immunity to this action. *See Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523

---

**5.** The Court of Appeals has not articulated the limit that the due process clause places upon the constructive possession doctrine. The Court of Appeals for the Seventh Circuit addressed this question in *Hamilton v. O'Leary,* 976 F.2d 341 (7th Cir.1992). The majority in *Hamilton* adopted a probability approach based upon the number of prisoners having access to the area where the contraband was discovered and determined that the facts presented to prison hearing board indicated that there was a 25% probability that the inmate in question was responsible for the discovered contraband. *Id.* at 346. The Court held that this probability would constitute some evidence of guilt as required by *Hill. Id.* The Court also reasoned, however, that a 3.1% probability would probably not constitute "some evidence" against any particular inmate. *Id.* at 345.

I note that under the facts before defendant Kane, such reasoning might prove problematic as there was evidence that the plaintiff's cell was unlocked at the time of the cell search and that plaintiff was absent from his cell performing his prison job. Therefore, under a strict reading of the majority opinion in *Hamilton,* every prisoner on plaintiff's cell block had access to plaintiff's cell prior to the search.

The dissent in *Hamilton* argues that in instances where the probability that a particular inmate is responsible for an infraction is not great some

other indicia of guilt is necessary for the constructive possession doctrine to constitute some evidence of guilt. *Id.* at 347. My review of the evidence presented to defendant Kane and to the jury fails to disclose any quantum of evidence of guilt beyond the fact that the $100 bill was discovered in plaintiff's cell. To the contrary, viewing the evidence reviewed by the jury in the light most favorable to the verdict winner, defendant Kane's statement that he did not find plaintiff and plaintiff's witnesses "very credible" could have been reasonably construed by the jury as meaning that plaintiff Kane credited the testimony as providing some slight—though insufficient—evidence of plaintiff's innocence.

I note, however, that courts in this district have endorsed the application of the constructive possession doctrine when applied to cell searches even when, in cases such as this, another inmate claims responsibility for the discovered contraband. *See Robinson v. Vaughn,* 1993 WL 451495, 1993 U.S.Dist. LEXIS 15566 (E.D.Pa. Nov. 1, 1993); *Baldwin v. Erickson,* 1993 WL 387898, 1993 U.S.Dist. LEXIS 13793 (E.D.Pa. Sept. 29, 1993).

**6.** Plaintiff does not challenge the constitutionality of DOC Adm.Dir. 801.

(1987). If I were to reach that issue, I would hold that defendant Kane would be entitled to qualified immunity because its is clear that at the time of the hearing a reasonable officer in defendant Kane's position could have believed that his actions comported with the requirements of the Fourteenth Amendment. *See Anderson,* 483 U.S. at 640–41, 107 S.Ct. at 3039–40.

In closing, I want to commend plaintiff's counsel, from the firm of Stradley, Ronon, Stevens & Young, for their committed and able representation of plaintiff Michael White. Their service has been in the highest tradition of the Bar. I ask that counsel make a copy of this commendation available to the chairman and the management committee of the firm.

### ORDER

AND NOW, this 18th day of August, 1994 upon consideration of defendant's Motion for judgment n.o.v. pursuant to Fed.R.Civ.P. Rule 50 and the filings of parties relating thereto, it is hereby ORDERED that defendant's motion is GRANTED. Judgment is entered in favor of defendant and against plaintiff.