**Douglas W. THOMPSON, Petitioner,**

v.

**Kathleen HAWK, et al., Respondents.**

**No. 94–3393–RDR.**

United States District Court,
D. Kansas.

Sept. 22, 1997.

Douglas Wayne Thompson, Leavenworth, KS, pro se.

Jackie A. Rapstine, Office of U.S. Atty., Topeka, KS, for Respondents.

### *ORDER*

ROGERS, Senior District Judge.

This matter is before the court on a petition for writ of habeas corpus filed by a prisoner confined in United States Penitentiary in Leavenworth, Kansas (USPLVN). Petitioner proceeds pro se and in forma pauperis in this matter.

*Background*

Petitioner challenges a prison disciplinary conviction for possession of a weapon. Prison staff charged petitioner with the offense after discovering a sharpened instrument made from a plastic kitchen utensil in the light fixture in petitioner's cell. When the weapon was discovered, petitioner was the sole resident in a cell that housed two inmates. Petitioner claimed no knowledge of the weapon, no access to the fixture which required a special tool to open, and no access to the kitchen utensil. Petitioner argued the weapon must have been placed in the light fixture by a previous resident in the cell, or by an inmate entering the cell through USPLVN's policy to leave cell doors open from 6 AM to 10 PM each day.

To buttress his defense, petitioner sought discovery of kitchen records to determine when the utensil was taken, and discovery of previous shakedown records for the cell to show when the light fixture was last searched.

The disciplinary hearing officer denied petitioner's requests for discovery, and found petitioner guilty of the charged offense. The disciplinary sanction imposed included the loss of 27 days of good time credit, 60 days of disciplinary segregation (suspended for 180 days of clear conduct), and 60 days of restricted commissary privileges.

Petitioner states the disciplinary hearing officer believed petitioner had no knowledge of the weapon, but pursuant to institutional policy, found petitioner guilty based upon the evidence of contraband in petitioner's cell.[1]

In petitioner's administrative appeal, the Regional Director affirmed the finding of guilt and the sanction imposed. The Central Office at the national level found the disciplinary hearing officer acted in accord with Bureau of Prison (BOP) policies controlling prison disciplinary actions, 28 C.F.R. Part 541. The Central Office further found that petitioner's sole occupancy of the cell was sufficient evidence to support the disciplinary conviction, and that the disciplinary hearing officer properly denied petitioner's discovery requests.

Alleging he was denied due process in the disciplinary proceedings, petitioner seeks expungement of the disciplinary conviction, restoration of forfeited good time and lost wages, and assignment to a single cell.

*Standards*

 In conducting habeas review, a federal court must decide whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3); *Rose v. Hodges,* 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). Where a disciplinary sanction impacts the duration of a federal inmate's sentence, a protected liberty

---

1. The disciplinary hearing officer's (DHO's) report states in part:

 "Based on the evidence presented at the hearing, the DHO determined the greater weight of evidence to be the reporting officer's statement, acknowledging that he is trained in handling matters of security nature and that the reporting officer has an obligation and duty to report the truth and to submit accurate reports. The DHO observed that although inmate THOMPSON denies the charges, staff hold inmates accountable for contraband found in their assigned areas. The DHO having been provided no verifiable evidence by inmate THOMPSON to satisfactorily refute the charge, coupled with believing the reporting officer presented the greater weight of evidence, finds that inmate THOMPSON committed the prohibited act of Possessing a Weapon, Code # 104."

interest in the inmate's release from confinement is affected, and minimal procedural guarantees are recognized. *Ponte v. Real,* 471 U.S. 491, 495, 105 S.Ct. 2192, 2195, 85 L.Ed.2d 553 (1985).

■ Under *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), an inmate facing administrative disciplinary charges is entitled, at a minimum, (1) to receive advance notice of charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses in his defense where this will not jeopardize institutional safety or correctional goals, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. *Id.* at 563–69, 94 S.Ct. at 2978–81.

■ Next, to withstand judicial review, the finding of a prison disciplinary body must be supported by some evidence in the record. *Superintendent, MCI, Walpole v. Hill,* 472 U.S. 445, 454–55, 105 S.Ct. 2768, 2773–74, 86 L.Ed.2d 356 (1985). In announcing this standard, the Supreme Court stated that when reviewing the findings of a prison disciplinary board, a court need not examine the complete record, assess the credibility of the witnesses, nor weigh the evidence. Instead, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56, 105 S.Ct. at 2774.

*Discussion*

■ Although petitioner frames his argument in the context of being "presumed guilty" in the disciplinary proceeding, petitioner essentially challenges application of the "constructive possession" rule in his case. Under that rule, petitioner is considered responsible for anything found in his cell, absent exculpatory evidence that makes the finding of petitioner's "possession" so unreli-

able as to not satisfy the minimum constitutional standard that some reliable evidence supports the disciplinary decision. Absent direct evidence of an inmate's guilt, the "some evidence" standard in *Hill* may be satisfied by application of the "constructive possession" rule. *Hamilton v. O'Leary,* 976 F.2d 341 (7th Cir.1992)

The "constructive possession" rule as articulated in *Hamilton* adopts a probability assessment of the likelihood of the prisoner's involvement in the alleged misconduct. In that case, inmate Hamilton was one of four inmates in a cell who were charged with the possession of handguns found in the vent when their cell was searched. Finding the evidence before the disciplinary board indicated Hamilton had a one in four chance of being responsible for the contraband, the court concluded there was sufficient evidence to satisfy the disciplinary action.[2] As recognized in *Hamilton,* the constructive possession rule may be harsh, but it falls within the great deference the court affords the administration of a prison security.

By arguing the weapon could have been placed by previous cellmates or any inmate in the general population taking advantage of USPLVN's "open door" policy, petitioner directly confronts the probability that he was one who placed the weapon in the fixture.

Petitioner, however, was the sole occupant of the cell when the weapon was discovered. Even if a former cellmate were considered, the court in *Hamilton* expressly found a 50% probability satisfied the "some evidence" standard in *Hill.* Moreover, petitioner's "open door" argument creates a mathematical haven for prisoners in an open cell block attempting to secret contraband, and thus highlights the legitimate security concern supporting application of the "constructive possession" rule in such instance.

**2.** The court noted Hamilton's claim that 32 inmates had access to the vent would have produced a probability of involvement too low to constitute "some evidence" of guilt, but found Hamilton had not presented that claim to the disciplinary board.

The court further cited *Hill,* 472 U.S. at 456–57, 105 S.Ct. at 2774–75, where three inmates

were seen fleeing from the scene of an assault and the one in three probability of misconduct was sufficient to apply the "constructive possession" rule; and *Mason v. Sargent,* 898 F.2d 679, 680 (8th Cir.1990), where contraband found in a locker shared by two inmates produced a one in two probability of misconduct that was sufficient to apply "constructive possession" rule.

Even where the constructive possession doctrine has been applied to the search of an "open" cell, the report of contraband found in the cell has been found to be sufficient evidence to support disciplinary action. *See e.g., White v. Kane,* 860 F.Supp. 1075, 1079 n. 5 (E.D.Pa.1994), *aff'd,* 52 F.3d 319 (3rd Cir. 1995) (although probability approach may be problematic where cell unlocked at time of search and every prisoner in cell block had access to cell, disciplinary hearing officer could rely on guard's report of contraband found in cell).

Further in his defense, petitioner claims he lacked the special tool required for gaining access to the light fixture, and argues that shake-down logs for the cell were necessary to establish the light fixture had been weapon free at the last search.

■ Application of the constructive possession rule is not defeated by a claim that prison officials failed to search a cell for contraband prior to assigning prisoners to the cell. *Lasley v. Godinez,* 833 F.Supp. 714, 718 (N.D.Ill.1993). In the present case, petitioner's claim is significantly weakened by plaintiff's admission that he changed the light in the fixture within the last thirty days of the weapon's discovery.[3] Moreover, respondents assert that even though light fixtures are off limits to inmates, access to a fixture is physically restricted only by a simple screw that is easily removed.

As in *Hill,* the evidence "might be characterized as meager" with no direct evidence identifying petitioner as the owner of the contraband. For the reasons stated, however, the court finds the evidence both reliable and sufficient to support the disciplinary action, and to demonstrate the finding of guilt was not otherwise arbitrary or capricious.

■ Petitioner next claims he was denied exculpatory evidence in the disciplinary proceeding. The court finds no merit to this claim.

■ The denial of documentary evidence in a prison disciplinary hearing can give rise to a due process claim. *Wolff,* 418 U.S. at 566, 94 S.Ct. at 2979–80. It has been recognized that *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) requires the disclosure of material exculpatory evidence in prison disciplinary proceedings. *Campbell v. Henman,* 931 F.2d 1212, 1214 (7th Cir.1991). In the present case, however, the court is not persuaded the evidence sought by petitioner would be either materially relevant or exonerating, and concludes petitioner was not denied procedural due process.

Any documentation regarding the theft of the kitchen utensil, if such documentation were available, would not in and of itself establish that petitioner was outside the subsequent chain of custodial possession of the utensil. Given respondents' assertion that light fixtures are routinely examined by staff in a cell shake-down, and given petitioner's admitted contact with the light fixture within 30 days of the weapon's discovery, the court fails to see how evidence of the shake-down logs would significantly undercut the reliability of the evidence relied upon by the disciplinary officer.

To support his claim, petitioner cites *Young v. Kann,* 926 F.2d 1396 (3rd Cir.1991), wherein the disciplinary hearing officer was found to have violated a prisoner's due process rights by failing to produce evidence requested by petitioner. In that case, however, the requested evidence was a letter written by the prisoner in which he allegedly threatened his cellmate. Such evidence is clearly material and directly relevant to the prisoner's defense in that case. The same can not be said about the speculative evidence sought by petitioner in the present case.

*Conclusion*

Finding petitioner was afforded constitutionally adequate due process in the disciplinary proceeding, the court denies the petition for writ of habeas corpus.[4]

3. The investigative report of the incident report states that Thompson did not know the weapon was in the cell, and was sure of it because he had just changed the light bulb within the last 30 days.

4. Petitioner also claims he was wrongfully denied postage and basic hygienic products during

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.

---

his period of restricted commissary privileges. The court has reviewed the record and finds petitioner's access to both postage and hygienic items was sufficient such that no claim of constitutional deprivation is stated. Neither claim warrants relief in the nature of habeas corpus.