

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2006

# Reynolds v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2310

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Reynolds v. Williamson" (2006). *2006 Decisions*. Paper 439.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/439

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2310
_____

KEITH REYNOLDS,

Appellant

v.

TROY WILLIAMSON, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-02369)
District Judge:  Honorable William J. Nealon
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 12, 2006

Before:  MCKEE, FUENTES AND NYGAARD, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed:   September 19, 2006 )
_____

OPINION
_____

PER CURIAM

    Keith Reynolds, a federal prisoner, appeals <u>pro</u> <u>se</u> from the order of the United

States District Court for the Middle District of Pennsylvania denying his habeas corpus

petition filed pursuant to 28 U.S.C. § 2241, in which he challenged a prison disciplinary proceeding and requested expungement of his prison record on due process grounds.

This case arises out of the search of Reynolds's prison cell that he shared with inmate Chambers in Unit 4B at the United States Penitentiary, Allenwood, Pennsylvania. During the cell search conducted on February 17, 2005, a correctional officer removed the clear plastic-wrapped package from inside the sink drain which contained a 10-inch sharpened rod with a plastic handle. Reynolds was charged with possessing a weapon, a violation of the Bureau of Prison's (BOP) disciplinary code.

Reynolds was given a timely hearing before the Unit Discipline Committee and signed the "Inmate Rights Discipline Hearing" form, opting not to have staff representation or to call witnesses. After he was advised of his rights at the hearing before the Disciplinary Hearing Officer (DHO), Reynolds again waived staff representation and chose to call no witnesses. Reynolds denied any knowledge of the weapon, stating that he had no reason to have one. The DHO reviewed the incident report, a photograph of the seized weapon, Reynolds's statement, and cellmate Chambers's claim that he had no knowledge of the weapon. Citing BOP policy which requires inmates to keep their cells free of any contraband, the DHO determined that the greater weight of the evidence supported a finding that Reynolds was partially responsible for possessing the weapon.[1] Reynolds received thirty (30) days in disciplinary

---

[1] The DHO noted that Reynolds's cell-mate, Chambers, was also partially responsible.

2

segregation, a six-month loss of commissary privileges, and an additional thirty-days in disciplinary segregation that was suspended subject to his completion of 180 days of clear conduct.

After exhausting his administrative remedies, Reynolds filed a § 2241 petition claiming that the DHO's finding of guilt was based on insufficient and false evidence, in violation of his due process rights and BOP policy. He sought expungement of his prison record.

Upon consideration of the parties' filings, the District Court held that the prison complied with due process in notifying Reynolds of his rights in accordance with Wolff v. McDonnell, 418 U.S. 539 (1974). The District Court noted that the undisputed evidence showed that Reynolds was assigned to the cell in Unit 4B at the time of the search and that the BOP Program Statement 5270.007, Inmate Discipline and Special Housing Units (January 9, 2003), deemed an inmate responsible for any contraband found in his cell. Based on these facts, the District Court ruled that there was "some evidence" that Reynolds was in constructive possession of the seized weapon, emphasizing that, in cases where only two people had access to the area in question, the principle of constructive possession could satisfy the "some evidence" standard. The District Court rejected Reynolds's argument that he was not guilty because BOP policy does not require him to disassemble cell plumbing in order to comply with keeping his cell free of all contraband. Nor did the District Court accept Reynolds's claim that the DHO lacked sufficient evidence of guilt absent a finding that Reynolds possessed the necessary

plumbing tools. The District Court denied Reynolds's request for expungement because Reynolds failed to establish that the information he sought to have expunged was, in fact, false. The District Court denied the petition. Reynolds filed a timely appeal.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). In reviewing a federal habeas judgment, we exercise plenary review over a district court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000). Although the issue in Reynolds's appeal contains some elements of a factual nature, the inquiry is legal in nature, and we therefore exercise plenary review over the District Court's conclusions regarding this matter. Id. Upon careful review of the record and of Reynolds's contentions on appeal, we will affirm.

First, we must address whether Reynolds may contest his disciplinary sanctions by means of habeas corpus brought pursuant to 28 U.S.C. § 2241. It is well-established that prison inmates possess a liberty interest in good-time credit. See Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974). While the Due Process Clause protects against the revocation of good-time, it does not provide the same level of protection against the imposition of other forms of discipline. See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002) (citing Sandin v. Conner, 515 U.S. 472, 486 (1995)). Here, the DHO sanctioned Reynolds with disciplinary segregation for thirty days, a suspended term of thirty days in disciplinary segregation pending his completion of 180 days of clear conduct, and 6 months' loss of commissary privileges. None of these sanctions invokes

4

due process protections. See Torres, 292 F.3d at 150-51. These punishments cannot be challenged under § 2241 because in no manner do they affect good time credits, and thus they have no impact on the fact or length of his sentence or confinement. See Leamer v. Fauver, 288 F.3d 532, 540-42 (3d Cir. 2002). Accordingly, to the extent that Reynolds challenges the sanctions imposed, the claim is not cognizable under § 2241.

Reynolds also claims that he has a due process right to have the disciplinary action expunged from his record because the presence of the alleged false disciplinary finding of guilt would delay his parole eligibility. The District Court employed the test for determining a due process expungement claim set forth in Paine v. Baker, 595 F.2d 197 (4th Cir. 1979), and denied the claim. In Paine, the Fourth Circuit Court of Appeals held that, in certain limited instances, a state prisoner has a federal due process right to have "prejudicial erroneous information expunged from [his] prison files" where he shows that: (1) the information is in his file, (2) the information is false, and (3) the information is relied upon to a constitutionally significant degree. 595 F.2d at 201-202. We have not decided whether to endorse the right of expungement announced in Paine. Even if we assume arguendo the due process right exists, we agree with the District Court that Reynolds is not entitled to relief.

Reynolds argues that the finding of guilt is false because there is no evidence to support it. Specifically, he contends that there is no evidence that he possessed the necessary plumbing tools to retrieve the hidden shank in the sink drain. In order to comport with due process, the disciplinary decision had to have support, but only by

5

"some" evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The Hill standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. Thompson v. Owens, 889 F.2d 500, 502 (3d Cir. 1989).

We agree with the District Court that some evidence existed to support the DHO's conclusions, including the incident report, the fact that Reynolds's cellmate did not claim ownership of weapon, and the physical evidence of the seized weapon. Id. at 564-65; Superintendent v. Hill, 472 U.S. at 455-56. In the absence of direct evidence indicating an inmate's guilt, the "some evidence" standard may be satisfied by application of the constructive possession doctrine in limited circumstances where a small number of inmates are potentially guilty of the offense charged. See White v. Kane, 860 F.Supp. 1075, 1079 n.5 (E.D. Pa. 1994), aff'd, 52 F.3d 319 (3d Cir. 1995). Here, according to the disciplinary hearing record upon which the DHO made his determination, the only prisoners with access to the cell at the time the shank was found were Reynolds and Chambers. Both denied knowledge of the shank. Both were charged. The District Court properly denied the claim because Reynolds failed to establish that the information he sought to have expunged is false.

Reynolds asserts for the first time that fourteen inmates who had occupied the cell before he and Chambers were housed there could have placed the contraband in the sink drain. Consequently, Reynolds argues, the BOP should have searched the cell and seized the weapon before they let Reynolds and Chambers occupy it. He also disputes whether

6

the cell search was "routine," contending that the officer responsible for the search was not on duty in Unit 4B. He did not raise these allegations at any point during the prison disciplinary proceedings or in his § 2241 petition and thus, we will not consider them on appeal.

We have thoroughly reviewed the remaining arguments Reynolds makes on appeal and find them meritless. Accordingly, we will affirm the judgment of the District Court.