

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-23-2007

# Santiago v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4396

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Santiago v. Nash" (2007). 2007 Decisions. Paper 1428.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1428

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4396
_____

NERY SANTIAGO,

Appellant

v.

JOHN NASH, Warden

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-04552)
District Judge: Honorable Jerome B. Simandle

_____

Submitted Under Third Circuit LAR 34.1(a)
March 22, 2007
Before: SLOVITER, MCKEE AND AMBRO, CIRCUIT JUDGES

(Filed  March 23, 2007)

_____

OPINION

_____

PER CURIAM

Nery Santiago, a federal prisoner, appeals from an order of the United States

District Court for the District of New Jersey denying his habeas corpus petition, filed

pursuant to 28 U.S.C. § 2241, in which he challenged a prison disciplinary proceeding

and requested expungement of a disciplinary finding on due process grounds. For the reasons that follow, we will affirm the District Court's judgment.

This case arises from the result of a routine search of Santiago's prison bunk at the Federal Correctional Institution at Fort Dix, New Jersey. During this search, conducted on December 22, 2004, a correctional officer was injured by a tattoo gun needle surreptitiously taped to the frame of Santiago's bunk. Santiago was charged with possession of a hazardous tool (Code 108A) and conduct which disrupts the orderly running of the institution (Code 299), both violations of the Bureau of Prison's ("BOP") disciplinary code.

On December 22, 2004, Santiago was provided a copy of an incident report describing the charges against him. Santiago was then given a timely hearing before the Unit Discipline Committee ("UDC") where he denied the charges. Citing the seriousness of the charges, the UDC referred the case to a Disciplinary Hearing Officer ("DHO"). At the initial DHO hearing, on January 3, 2005, Santiago claimed he had never received a copy of the incident report. A rescheduled hearing was held on January 6, 2005. Prior to that hearing, Santiago was informed of his rights and a staff representative was appointed for him. Santiago requested no witnesses at the hearing and again reiterated his innocence. The DHO reviewed the incident report, Santiago's statement, three photographs showing the needle, and a medical report describing the injury to the officer who discovered the needle. The DHO determined that the weight of that evidence

supported a finding that Santiago's actions were consistent with a violation of the BOP Code. For the Code 108A violation, Santiago received 60 days in disciplinary segregation, 40 days disallowance of good-conduct time, and 108 days forfeiture of non-vested good-conduct time. On the Code 299 violation, the DHO imposed 30 days in disciplinary segregation, 27 days disallowance of good-conduct time, and 54 days forfeiture of non-vested good-conduct time.

After exhausting his administrative remedies, Santiago filed the instant § 2241 petition claiming that the DHO's finding of guilt was not supported by sufficient evidence and that he was denied due process. In support of these claims, Santiago argued that the BOP failed to conduct an adequate investigation into whether he was responsible for the needle and that certain witnesses and testimony were not made available to him during his hearing. In an order entered on September 20, 2006, the District Court denied Santiago's habeas petition, holding that Santiago received procedural due process, in accordance with Wolff v. McDonnell, 418 U.S. 539 (1974).[1] The Court specifically noted that the DHO's disciplinary finding was supported by sufficient evidence, and that the sanctions imposed were within the permissible range for Santiago's offenses. Santiago filed a

---

[1] At a prison disciplinary hearing, due process requires that the inmate: (i) appear before an impartial decision-making body; (ii) be given at least 24 hours' written notice of the charges; (iii) be afforded an opportunity to call witnesses and present documentary evidence; (iv) be permitted assistance from an inmate representative; and (v) receive a written decision explaining the decision-maker's conclusions. See Wolff, 418 U.S. at 563-71. Further, the decision-maker's conclusion must be supported by at least "some evidence." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985).

timely appeal.[2]

To the extent that Santiago argues that the DHO's finding of guilt was false because there was no evidence to support it, we disagree. In order to comport with due process, a disciplinary decision must have support, but only by "some evidence" in the record. Hill, 472 U.S. at 454-56. The Hill standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. See Thompson v. Owens, 889 F.2d 500, 502 (3d Cir. 1989). We agree with the District Court that some evidence existed to support the DHO's conclusions. Id. at 564-65; see also Hill, 472 U.S. at 455-56. Although Santiago argues that he had no knowledge of the needle's presence, it was found within an area that Santiago was responsible for keeping contraband-free. Further, in the absence of direct evidence indicating an inmate's guilt of possession, the "some evidence" standard may be satisfied by application of the constructive possession doctrine in limited circumstances where a small number of inmates are potentially guilty of the offense charged. See White v. Kane, 860 F. Supp. 1075, 1079 n.5 (E.D. Pa. 1994), aff'd, 52 F.3d 319 (3d Cir. 1995). During the disciplinary proceeding, Santiago also received

---

[2] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). In reviewing a federal habeas judgment, we exercise plenary review over a district court's legal conclusions and apply a clearly erroneous standard to its findings of fact. See Rios v. Wiley, 201 F.3d 257, 262 (3d Cir. 2000). Although the issues in Santiago's appeal contain some elements of a factual nature, the inquiry is legal in nature, and we therefore exercise plenary review over the District Court's conclusions regarding this matter. Id.

the process due him in accordance with established Supreme Court precedent.  See Wolff, 418 U.S. at 563-71.  Finally, even if we were to assume that a due process right to expungement exists, the District Court properly denied Santiago's request because he failed to establish that the information he sought to have expunged was faulty.  Cf. Paine v. Baker, 595 F.2d 197 (4th Cir. 1979).

The remainder of Santiago's claims can be disposed of with little discussion.  We have reviewed these remaining arguments and find that they are either meritless or precluded from review.  To the extent that Santiago failed to raise these allegations at any point during his prison disciplinary proceedings, or in his § 2241 petition, we will not consider them for the first time on appeal.  See Morris v. Hoffa, 361 F.3d 177, 191 (3d Cir. 2004) ("[A]bsent compelling circumstances an appellate court will not consider issues that are raised for the first time on appeal.")

For the foregoing reasons, we will affirm the judgment of the District Court denying Santiago's habeas petition.