

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2007

# Reyes v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3289

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Reyes v. Atty Gen USA" (2007). *2007 Decisions.* Paper 54.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/54

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-33                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3289
_____

ALVARO REYES,

Appellant

v.

ATTORNEY GENERAL OF THE UNITED
STATES; WARDEN JONATHAN C. MINER, Warden

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 06-CV-02458)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 25, 2007

Before:  McKee, Rendell and Smith, <u>Circuit Judges</u>

(Opinion filed:  December 17, 2007)
_____

OPINION
_____

PER CURIAM

    Alvaro Reyes appeals from an order of the United States District Court for the

Middle District of Pennsylvania, which denied his petition filed pursuant to 28 U.S.C.

§ 2241. As no substantial question is presented, we will summarily affirm the District Court's order.

Reyes, an inmate at the Allenwood Low Correctional Institution, alleged in his § 2241 petition that he was wrongly deprived of 40 days of Good Conduct Time based on a finding that he was guilty of a violation of section 104 of the Bureau of Prison's code, Possession, Manufacture or Introduction of a weapon. The charges were brought when a counselor found a handmade knife in Reyes' two-man cubicle after receiving an anonymous note. Reyes and his cellmate were both at their work assignments at the time the weapon was found. Reyes maintained in his petition that he is innocent of the charges. He noted that there are no doors to the cubicles, and that anyone could enter the area and plant a weapon. He also argued that proper procedures were not followed.

The District Court found that Reyes received all the procedural due process he was due before revocation of his good-time credit. See Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974).[1] The District Court also found that the finding that Reyes had violated prison regulations was supported by "some evidence." See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985) (holding that in prison disciplinary proceedings,

---

[1] At a prison disciplinary hearing, due process requires that the inmate: (i) appear before an impartial decision-making body; (ii) be given at least 24 hours' written notice of the charges; (iii) be afforded an opportunity to call witnesses and present documentary evidence; (iv) be permitted assistance from an inmate representative; and (v) receive a written decision explaining the decision-maker's conclusions. See Wolff, 418 U.S. at 563-71.

2

the decision-maker's conclusion need only be supported by at least some evidence). The Court noted the similarity between this case and the situation in White v. Kane, 860 F. Supp. 1075 (E.D. Pa. 1994), aff'd, 52 F.3d 319 (3d Cir. 1995). In that case, as here, the cell search occurred when the inmate was at a prison job. The cell was unlocked at the time of the search, which means that other inmates would have had access to the cell, yet the Court found that some evidence supported the finding that the inmate was responsible for the contraband found in his cell. Dist. Ct. Op. at 7-8, discussing White, 860 F. Supp. 1075. We agree that Reyes received all the process he was due, and that some evidence supported that disciplinary decision against him.

In his "Request for Certificate of Appealability,"[2] Reyes makes two main arguments. First, he argues that Officer Feliciano should have testified that inmates in a low security institution are only responsible for neutral areas in their cells, but that a bed falls on the responsibility of the inmate assigned to that bed. Second, he argues that the BOP regulation that makes it an inmate's responsibility to keep his cell free of contraband was not designed to apply to lower security institutions. As Reyes did not raise either of these issues in his administrative proceedings, we need not address them here. See Jones v. Bock, 127 S. Ct. 910, 922-23 (2007) before filing suit, prisoner must properly exhaust

---

[2] A certificate of appealability is not required to appeal the denial of a § 2241 petition. See Murphy v. United States, 199 F.3d 599, 601 n.2 (2nd Cir.1999). However, we have considered the arguments Reyes raises in the application for a certificate of appealability he filed in the District Court.

3

the administrative remedies available to him; unexhausted claims may not be considered).[3]

For the foregoing reasons, we will summarily affirm the District Court judgment denying Reyes' habeas petition.

---

[3] We further note that BOP Program Statement section 541.10 notes that Program Statement 5270.07, "Inmate Discipline and Special Housing Units" "applies to all persons committed to the care, custody and control" of the BOP. Thus, the regulation giving an inmate responsibility to keep his cell free of contraband applies to lower security institutions as well. Given the application of this policy statement, it is not clear that the proposed testimony of Officer Feliciano would have been useful.