**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1028
_____

ESTEBAN RIVERA-LEBRON,
                                    Appellant

v.

WARDEN MONICA RECTENWALD

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-12-cv-01354)
District Judge:  Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 3, 2013

Before: SCIRICA, JORDAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 3, 2013)
_____

OPINION
_____

PER CURIAM

        Esteban Rivera-Lebron appeals pro se from the District Court's order denying his

petition for a writ of habeas corpus.  We will affirm.

I.

On November 20, 2008, an officer at the Federal Correctional Institution at Miami discovered a five-inch homemade knife behind Rivera-Lebron's bed, which was located in a dorm that Rivera-Lebron shared with five other inmates.[1] Rivera-Lebron was charged with the possession or manufacturing of a weapon in violation of the Inmate Discipline Program. At his hearing, Rivera-Lebron argued he did not have constructive possession of the knife. However, the Discipline Hearing Officer ("DHO") determined that Rivera-Lebron committed the prohibited act and sanctioned Rivera-Lebron to 45 days in disciplinary segregation, as well as the disallowance of 41 days of good conduct time, the forfeiture of 27 days of non-vested good conduct time, and a recommended disciplinary transfer.

Rivera-Lebron timely sought administrative review of the DHO's findings. After the Regional Office denied his appeal on February 27, 2009, it gave Rivera-Lebron 30 days to appeal to the Central Office. Rivera-Lebron did not file an appeal with the Central Office until February 18, 2010.

Rivera-Lebron then filed the instant petition under 28 U.S.C. § 2241, arguing that the DHO lacked sufficient evidence to sanction him for possessing the knife. The District Court denied his petition on the merits, finding that the DHO's sanctions were supported by some evidence on the record. The District Court also noted that Rivera-Lebron failed to exhaust the prison's administrative remedy scheme. Rivera-Lebron timely appealed.

---

[1] Rivera-Lebron is currently housed at the Federal Correctional Institution at Allenwood,

II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. A challenge to a disciplinary action resulting in the loss of good conduct time is properly brought pursuant to section 2241, "as the action could affect the duration of the petitioner's sentence." Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam). We review the denial of habeas corpus relief de novo, exercising plenary review over the District Court's legal conclusions and applying a clearly erroneous standard to its findings of fact. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

A. Rivera-Lebron's failure to exhaust administrative remedies

Federal prisoners are ordinarily required to exhaust available administrative remedies before seeking relief under section 2241. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). To exhaust, petitioners must satisfy the procedural requirements of the administrative remedy process.[2] Id. at 761-62. Here, Rivera-Lebron pursued administrative remedies but failed to comply with required procedures. Although he filed a timely appeal to the Regional Office, he did not timely appeal to the Central Office. As he did not comply with the procedural requirements of the administrative remedy process, we agree with the District Court that Rivera-Lebron's claim was unexhausted. See id.

B. Rivera-Lebron's due process claim

---

in Pennsylvania.

[2] See 28 C.F.R. §§ 542.13–15; Garza v. Davis, 596 F.3d 1198, 1204 (10th Cir. 2010).

Even if Rivera-Lebron's claim was properly exhausted, we agree with the District Court that his claim lacks merit. A prisoner has a liberty interest in good time credit. Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991). "[R]evocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent v. Hill, 472 U.S. 445, 454 (1985) (internal quotation marks and citation omitted). The Hill standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. See Thompson v. Owens, 889 F.2d 500, 502 (3d Cir. 1989) (citing Hill, 472 U.S. at 455-56). The relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56.

Rivera-Lebron argued that there was insufficient evidence to support the disciplinary charge of possession or manufacturing of a weapon, because the weapon was found in a room that Rivera-Lebron shared with five other inmates. [3] The officer who found the knife initially reported that the knife was located behind the leg of Rivera-Lebron's bed, but later clarified that it was inside the bed's leg. Rivera-Lebron believes that the officer's clarification was false testimony used to prove that Rivera-Lebron

---

[3] It is undisputed that Rivera-Lebron was provided with (1) written notice of the charge on the same day of the incident report, (2) an opportunity to call witnesses and present evidence in his defense, and (3) a written statement of the evidence relied on and the reasons for the disciplinary action. See Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974).

constructively possessed the knife. However, the "some evidence" standard may be satisfied by application of the constructive possession doctrine where a small number of inmates are potentially guilty of the offense charged. See White v. Kane, 860 F. Supp. 1075, 1079 n.5 (E.D. Pa. 1994), aff'd, 52 F.3d 319 (3d Cir. 1995). Rivera-Lebron was one of few inmates with access to the dorm room, and the knife was found in or near his bed. As the District Court concluded, the Bureau of Prisons had some evidence to sanction Rivera-Lebron for the possession or manufacturing of the knife.

Accordingly, we will affirm the judgment of the District Court.