**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2028
_____

WALTER BROWN,
                                        Appellant

v.

WARDEN MONICA RECKTENWALD; ACTING WARDEN JEFF BUTLER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-01135)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 9, 2013
Before:  RENDELL, GREENAWAY, JR., and ALDISERT, Circuit Judges

(Opinion filed:  December 10, 2013)
_____

OPINION
_____

PER CURIAM

        Walter Brown, an inmate incarcerated at FCI-Allenwood, appeals from the District

Court's order denying his application for a writ of habeas corpus pursuant to 28 U.S.C. §

2241.  We will affirm.

In August 2011, a search of the six-man cell Brown shared with five other inmates revealed a homemade weapon, fashioned from a sharpened toothbrush, hidden under the sink in the common area of the cell. Brown was assigned to the cell six days prior to the search. Brown and his cellmates were charged with possession, manufacture or introduction of a weapon, in violation of Section 104 of the Bureau of Prisons ("BOP") disciplinary code.[1] In response to the charges, Brown waived staff representation and witness testimony and made the following statement: "It's not mine." Following an investigation and hearing, the Disciplinary Hearing Officer ("DHO") credited the officer's report of the incident over Brown's statement and concluded that the greater weight of evidence supported finding Brown guilty of the weapons violation. Brown was sanctioned with sixty days of disciplinary segregation, disallowance of thirty days of good conduct time, forfeiture of one hundred days of non-vested good conduct time, a six month loss of telephone and visiting privileges, and a monetary fine of $101.00.

Brown then filed a § 2241 petition, specifically challenging the sufficiency of the evidence against him. The District Court denied his petition and subsequent motion for reconsideration. Brown timely appealed.[2]

---

[1] An affidavit executed by the Disciplinary Hearing Officer indicated that all inmates assigned to the cell were found guilty of the charge.

[2] The District Court did not comply with the separate order rule set forth in Federal Rule of Civil Procedure 58(a). Therefore, Brown had 150 days in which to file his notice of appeal. It was timely filed on April 8, 2013, seventy-six days after the District Court's order denying his § 2241 petition was entered on January 22, 2013.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(e). A challenge to a disciplinary action resulting in the loss of good conduct time is properly brought pursuant to § 2241, "as the action could affect the duration of the petitioner's sentence." Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008). We review the denial of habeas corpus relief de novo, exercising plenary review over the District Court's legal conclusions and applying a clearly erroneous standard to its findings of fact. Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013). We review the denial of a motion for reconsideration for an abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010).

A prisoner has a liberty interest in good time credits. Denny, 708 F.3d at 143. In evaluating prisoners' due process rights, courts must be sensitive to the "intricate balancing of prison management concerns with prisoners' liberty." Id. at 144 (quoting Sandin v. Conner, 515 U.S. 472, 478 (1995)). The Supreme Court has held that "revocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prison disciplinary board are supported by some evidence in the record."[3] Superintendent v. Hill, 472 U.S. 445, 454 (1985) (internal quotation marks and citation omitted). The Hill standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. See Thompson v. Owens, 889 F.2d 500,

---

[3] It is undisputed that Brown was provided with (1) written notice of the charges at least twenty-four hours prior to any hearing, (2) an opportunity to call witnesses and present evidence in his defense, and (3) a written statement of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974).

3

502 (3d Cir. 1989). The relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached by the disciplinary board." Hill, 472 U.S. at 455-56.

Brown challenged the sufficiency of the evidence against him.[4] The District Court, relying on Hill, determined that the DHO's decision was supported by some evidence of possession, which was sufficient to uphold a revocation of good time credits. Although there was no direct evidence of Brown's guilt, the District Court reasoned that the "some evidence" standard was satisfied by application of the constructive possession doctrine. That is, "in the absence of direct evidence" to prove an inmate's guilt of possession, the some evidence standard "may be satisfied where a small number of inmates are potentially guilty of the offense charged." White v. Kane, 860 F. Supp. 1075, 1079 n.5 (E.D. Pa. 1994), aff'd, 52 F.3d 319 (3d Cir. 1995). The District Court concluded that, because none of the six inmates assigned to the cell claimed responsibility for the homemade weapon, there was "some evidence" to support the DHO's decision under the doctrine of constructive possession. (Dkt. No. 11, pp. 10-11.)

We agree with the District Court. As we recently explained in Denny, "the discovery of contraband in a shared cell constitutes 'some evidence' of possession sufficient to uphold a prison disciplinary sanction against each inmate in the cell, including depriving that inmate of his or her liberty interest in good time credits." 708

---

[4] Brown does not address Denny on appeal.

4

F.3d at 145; see also Flowers v. Anderson, 661 F.3d 977, 980-81 (8th Cir. 2011) (relying on collective responsibility theory whereby each inmate was collectively culpable for two homemade weapons found in shared eight-man cell); Hamilton v. O'Leary, 976 F.2d 341, 345 (7th Cir. 1992) ("The proposition that constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access is unproblematical."). In this case, the contraband homemade weapon was found under the sink in Brown's cell, which was shared with five other inmates. We cannot say that the District Court erred in denying his habeas petition, as it was under no obligation to examine the entire record or even weigh the evidence. Thompson, 889 F.3d at 502. Brown was one of a handful of inmates who had access to the area where the weapon was found. That constitutes some evidence of constructive possession (enough to support the DHO's conclusion), and that is all that is required under Hill to satisfy due process. See id. ("The due process requirements in this context are minimal, and they are met here.") Nor did the District Court abuse its discretion in denying Brown's motion for reconsideration.[5]

For the foregoing reasons, we will affirm the decision of the District Court.[6]

---

[5] Brown's motion to supplement the record is denied as unnecessary because he already made the arguments contained therein to the District Court in his motion for reconsideration, and we will affirm the denial of that motion.

[6] We agree with the District Court that Brown's arguments pertaining to the conditions of his confinement could be pursued through the filing of a Bivens action, (Dkt. No. 11, p.7 n.5), and similarly express no opinion on the merits of such an action.